## BAYS *v.* TRULSON.

[S. C. 35 Pac. Rep. 26.]

1. PLEADING ESTOPPEL.— The rule is well settled that an estoppel by deed or record must be pleaded to be available either as a cause of action or as a defense. *Rugh* v. *Ottenheimer*, 6 Or. 231, and *Remillard* v. *Prescott*, 8 Or. 37, approved and followed.*

2. TAX SALES — EVIDENCE OF REGULARITY OF PROCEEDINGS.— In the absence of a provision making a tax deed *prima facie* evidence of the regularity of the proceedings anterior thereto, the claimant under such a deed must show the regularity and completeness of every step required by the statute in the assessment and collection of the tax. The reasoning of THAYER, J., in *Strode* v. *Washer*, 17 Or. 57, approved.

3. PAROL EVIDENCE TO CONTRADICT A RECORD.— The rule is that where a record is not required to be made, but one is kept, it may be explained

---

*NOTE.— See also *Bruce* v. *Phœnix Insurance Co*. 24 Or. 486, to the same effect.—REPORTER.

or supplied by parol testimony, but where a statute requires a record, as in the case of a sale of property for taxes or street improvements, parol testimony cannot be received to contradict or vary the record after it has once been made; thus, where it appears from the return of an officer on a warrant for the sale of certain lots for an unpaid street assessment that the lots were sold *en masse*, it cannot be shown by parol that the lots were in fact sold singly, since that would be to vary a record which the law required to be made.

4. SALE OF PROPERTY FOR DELINQUENT STREET IMPROVEMENTS UNDER SECTIONS 106, 107, AND 126 OF PORTLAND CITY CHARTER OF 1882.— Section 292 of Hill's Code, gives a sheriff an unreviewable discretion as to whether he will sell lots on execution *en masse* or in separate parcels, ( *Griswold* v. *Stoughton*, 2 Or. 62, *Dolph* v. *Barney*, 5 Or. 192, *Bank* v. *Page*, 7 Or. 454,) and this rule is apparently incorporated into the Portland city charter of eighteen hundred and eighty-two, so far as concerns the sale of lots for delinquent street improvements, including sewers, by section 107 thereof, which provides that a warrant for such improvements shall have the force and effect of an execution against real property, except as otherwise provided, but the terms of sections 106 and 126 of the charter, which require the officer to whom a warrant for a delinquent street improvement is addressed to levy on the lot or part thereof upon which the assessment is unpaid, and to specify in his return the amount for which each lot or part thereof sold, show that the procedure on such sales has been otherwise provided for, and that sales for delinquent street improvements must be made in separate lots.

5. PORTLAND CHARTER OF EIGHTEEN HUNDRED AND EIGHTY-TWO — RETURN ON WARRANT FOR SALE OF PROPERTY.— Portland City Charter, § 126, which requires a return of the amount for which each lot or part thereof was sold, is mandatory on the officer executing the warrant, and a failure to make such a return renders the sale, and the deed executed in pursuance thereof, void.

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This is an action by John Bays to recover the possession of lots five and eight in block eighty-seven of Couch's Addition to Portland, to which the plaintiff claims title by virtue of a deed from the chief of police of said city upon a sale of said lots for an alleged delinquent assessment; while the defendant claims title by mesne conveyances from the United States. The facts show that the city of Portland constructed what is known as Tanner-

creek sewer from North Fourteenth and B Streets to low-water mark in the Willamette River; that an assessment for the cost thereof was on August twentieth, eighteen hundred and eighty-seven, entered in the docket of city liens; that the lots in question, then owned by Thomas Brasel, were assessed at eighteen dollars and seventy-five cents each as the property of Thomas Brasel, and that warrants for the collection of said assessments were issued to, and placed in the hands of, the chief of police; that on December third, eighteen hundred and eighty-seven, John Paulsen and others, among whom was said Thomas Brasel, commenced a suit in department number two of the circuit court of Multnomah County, against the city of Portland and others, to enjoin the collection of the assessments, and for the cancellation of the entries thereof in the docket of city liens, and obtained a temporary injunction, which was on February twentieth, eighteen hundred and eighty-eight, by decree of said court, made perpetual. The defendants took an appeal from said decree to this court, where it was reversed (*Paulsen* v. *Portland,* 16 Or. 450, 19 Pac. Rep. 450, 1 L. R. A. 673,) and, on November seventeenth, eighteen hundred and eighty-eight, upon a mandate from this court, a decree was entered in the court below dismissing the suit. The plaintiffs thereupon appealed to the supreme court of the United States, where, on April seventeenth, eighteen hundred and ninety-three, the decree of this court was affirmed: *Paulsen* v. *Portland,* 149 U. S. 30, 13 Sup. Ct. Rep. 750. On November thirtieth, eighteen hundred and eighty-eight, warrants, including the one involved in this action, were again issued to and placed in the hands of the chief of police, to collect said assessments, and that officer, by virtue thereof, levied upon the said lots, and on February eighteenth, eighteen hundred and eighty-nine, after due notice, sold the same to the

plaintiff for forty-five dollars and five cents, and on the next day executed and delivered to him a deed therefor. On January third, eighteen hundred and eighty-nine, Thomas Brasel conveyed said lots to one Betty Farmer, and she, on October sixteenth, eighteen hundred and ninety, to defendant, both conveyances being by warranty deed.

Plaintiff originally commenced three actions against the tenants of the defendant, Swan Trulson who was substituted for them, and the actions were thereupon consolidated by order of the court. The complaint is in the usual form, and the material allegations therein are denied by the defendant, who, for a separate defense, sets out the alleged defects in the proceedings upon which plaintiff claims title, from the entry of the assessment in the docket of city liens to the execution and delivery of plaintiff's deed. The reply denied the allegations of new matter in the answer, and the cause being at issue, was tried by the court without the intervention of a jury, resulting in a judgment for the defendant, from which the plaintiff appeals.          AFFIRMED.

Mr. *Edward B. Watson* ( *Mr. James Finley Watson* on the brief), for Appellant.

Mr. *U. S. Grant Marquam* ( *Chas. J. Mac Dougall* on the brief), for Respondent.

Opinion by MR. JUSTICE MOORE.

1. This appeal presents several questions but we do not deem it necessary to consider them all. The bill of exceptions shows, among other alleged errors, that the plaintiff offered in evidence the judgment roll in the case of *Paulsen* v. *Portland,* to show that the defendant's grantor, Thomas Brasel, had been a party plaintiff in

said suit, and that the defendant was, by the decree therein, estopped from questioning the validity of the assessment, to the introduction of which the defendant objected, and, the court having sustained the same, the plaintiff excepted, and his exception was noted and allowed, and he now contends that this was error. The decree in *Paulsen* v. *Portland* is not pleaded as an estoppel. The rule is well settled that an estoppel by deed or record, to become available as a cause of action or of defense, must be pleaded. The party is entitled to know from the pleadings the nature and character of the cause of suit, action, or defense, that he may be prepared to meet the issue: Bigelow on Estoppel, 697. If the rule were otherwise, pleadings would, in many cases, impart little or no information to the adverse party of the real cause of action or defense, and would, as a consequence, become a trap to catch an unsuspecting party relying upon the apparent issue presented therein. At common law it was unnecessary to plead an estoppel *in pais*, (Bigelow on Estoppel, 699,) but this court, careful of the interests of litigants, and desirous of protecting them from surprise, has wisely held that even an estoppel *in pais* to be available must be pleaded: *Rugh* v. *Ottenheimer*, 6 Or. 231, 25 Am. Rep. 513; *Remillard* v. *Prescott*, 8 Or. 37. The rejection of the said judgment roll was therefore not error.

2.   The defendant offered in evidence the return of the chief of police upon the warrant for the sale of the property in question, from which it appeared that said lots were sold *en masse*, to the introduction of which the plaintiff objected, and, the court having overruled the same, his exception was noted and allowed. The plaintiff contends that this was error, and that the return could not be introduced in evidence to defeat his deed. Section 105 of the charter of said city (Session Laws, 1882, p. 168) provides that if the sum assessed upon any

XXV. OR.—8.

lot, or part thereof, is not wholly paid, the council may order a warrant for its collection. The other sections of said charter applicable to the case at bar are as follows:—

"Section 106. Such warrant must require the person to whom it is directed to forthwith levy upon the lot or part thereof upon which the assessment is unpaid, and sell the same in the manner provided by law, and to return the proceeds of such sale to the city treasurer, and the warrant to the auditor, with his doings indorsed thereon, together with the receipt of the city treasurer for the proceeds of such sale as paid to him.

"Section 107. Such warrant shall have the force and effect of an execution against all real property, and shall be executed in like manner, except as in this chapter otherwise specially provided.

"Section 108. The person executing such warrant shall immediately make a deed for the property sold thereon to the purchaser, stating therein that the same is made subject to redemption, as provided in this chapter. Within three years from the date of such sale the owner, or his successor in interest, or any person having a lien by judgment, decree, or mortgage on the property or any part thereof separately sold, may redeem the same upon the terms and conditions provided in the next section.

"Section 126. The deed to the purchaser must express the true consideration thereof, which is the amount paid by the purchaser, and the return of the person executing the warrant must specify the amount for which each lot or part thereof sold, and the name of the purchaser."

The charter nowhere provides that such deed shall be *prima facie* evidence of the regularity of the proceedings. "It must be conceded," said Thayer, J., "that if there were no statute creating a presumption in such cases, the holder of a tax deed could establish no title to the prem-

ises by virtue thereof, without proof that every require-
ment of the statute, concerning the assessment of the tax,
and enforcement of its payment, had been complied
with": *Strode* v. *Washer,* 17 Or. 50, 16 Pac. Rep. 926.
Hence the defendant had a right to offer in evidence the
whole or any part of the record of the proceedings, from
the assessment of the property to its sale.

3. The plaintiff asked leave to have the return of
the officer amended, and offered to show by the testimony
of the chief of police and his clerk that said lots were sold
singly, and not in gross, but the court, upon the objec-
tion of the defendant, denied the application, and rejected
the evidence, to which ruling the plaintiff excepted, and
his exception was allowed, and this is assigned as error.
The rule is that where the law does not require a record
to be made, but one is kept, it may be explained or sup-
plied by parol testimony; but where the statute requires
it, parol evidence cannot be received to contradict or vary
the record made: 20 Am. & Eng. Enc. 511. In *Cart-
wright* v. *McFadden,* 24 Kan. 662, the defendant, for the
purpose of sustaining his tax deed, offered to prove that
the sale of lots was not made in gross, but that each lot
was sold separately, to which the plaintiff objected, and
the evidence was rejected. The court held that it was
properly excluded as it attempted to contradict the
recitals of the deed. "The highest consideration of pub-
lic policy requires that the officer himself, to whom the
law has intrusted the performance of a public duty, and
of the fulfilment of which a record has been made, should
not be permitted to open his mouth to impeach it, and
thus admit himself guilty of official misconduct or
crime": *McMicken* v. *Commonwealth,* 58 Pa. St. 214.
There was no error in rejecting the evidence offered, or
in denying the plaintiff permission to amend the return.

4. The record discloses that the property in question

was entered in the docket of city liens as separate lots, and an assessment of eighteen dollars and seventy-five cents was assessed against each; that the return made by the chief of police upon the warrant commanding the sale thereof shows that the property was sold as one entire tract to the plaintiff for the sum of forty-five dollars and five cents; and that the deed executed and delivered in pursuance of such sale recites the same facts; and for this reason, among others, the trial court held that the sale and deed failed to convey title to the property. It is a well-recognized principle that the sale of property for the payment of delinquent taxes should be made of the parcels of land as they appear in the assessment roll, and to group lands in the sale which are assessed as separate tracts, even though owned by the same person, will render the sale ineffectual to convey the title: Cooley on Taxation, 493; Burroughs on Taxation, 302; Blackwell on Tax Titles (5th Ed.), § 526. The appellant contends that this general rule is not applicable to the case at bar, and that under the charter of the city a sale *en masse* was within the discretion of the chief of police. Section 107 of the charter provides that the warrant for the collection of a delinquent assessment shall be enforced in the same manner as an execution against real property; and section 292 of Hill's Code provides that real property consisting of several known lots or parcels shall be sold upon execution, separately or otherwise, as is likely to bring the highest price. This leaves the sale of real property, consisting of several known lots, entirely to the discretion of the sheriff as to whether he will sell it in separate parcels or not: *Griswold* v. *Stoughton*, 2 Or. 62, 84 Am. Dec. 409; *Dolph* v. *Barney*, 5 Or. 192; *Bank* v. *Page*, 7 Or. 454. Section 106 of the charter provides that the warrant must require the person to whom it is directed to forthwith levy upon the lot or part thereof upon which

the assessment is unpaid, and sell the same in the manner provided by law; and section 126 provides that the return of the person executing the warrant must specify the amount for which each lot or part thereof sold. If these sections required the officer to whom the warrant was directed to levy upon the property upon which the assessment remains unpaid, and make his return of that sold, then the plaintiff's contention might be tenable, but since they require him to levy upon the lot or part thereof, and specify in his return the amount for which each lot or part thereof sold, these requirements should have been observed as exceptions to the general law referred to in section 107. The reason usually assigned for the separate levy and sale of property for delinquent taxes is that it enures to the benefit of the owner, so that he can redeem a part of the property sold in case he is not able to redeem the whole, a right which he could not exercise if the property were sold *en masse.* The reason for the rule being so patent, any exception thereto should appear by legislative enactment, and not by judicial construction, and inasmuch as the charter does not positively provide for such an exception to the general rule, it ought not to be applied in this case. The code of West Virginia required the sheriff, in making sales of real property for delinquent taxes, to certify to the recorder, within ten days after such sale, a list of property sold to the state for want of other purchasers; and it was made the duty of the recorder, within twenty days after the return, to record the same, and transmit the original to the state auditor. In *De Forest* v. *Thompson,* 40 Fed. 375, it appeared that a sheriff, after having made such sales to the state, failed to return the list within ten days, and that the recorder failed to note the time when the return was made. Mr. Justice JACKSON, in deciding this case, said: "The neglect of officers to

comply with either is such an irregularity as tends to prejudice the rights of the owner whose lands have been sold. He had a right to call at the office and demand the production of the officers' report for his examination. If he discovered it was not there within the prescribed time, or, being there, had not been filed within the time prescribed by the statute, or that the recorder had failed to note the filing of the same, he could rest upon his rights, feeling assured that the steps taken to sell his realty did not divest him of the title to it."

5. The requirement of section 126, to return the amount for which each lot or part thereof was sold was mandatory upon the person executing the warrant, and a failure to do so rendered the sale and deed executed in pursuance thereof void: *De Forest* v. *Thompson*, 40 Fed. 375; *Simpson* v. *Edmiston*, 23 W. Va. 675.

Section 135 of the charter provides that in case of a delinquent tax levied upon real property in the name of an owner unknown, the warrant shall be executed by levying upon each lot or part thereof of said property for the tax due thereon, and for the sale of such lots or parts thereof separately. Appellant contends that this section provides, by implication, that when the owner is known, as in the case at bar, a separate levy and sale is not required. It is unnecessary to pass upon this question since section 135 applies to the collection of a delinquent tax levied for general or municipal purposes only, and not for the collection of an assessment for local improvements.

The judgment therefore will be affirmed.

AFFIRMED.