Argued 4 February; decided 24 February, 1902.

## BRENTANO *v.* BRENTANO.

[67 Pac. 922.]

TAXATION—ASSESSMENT AND SALE IN SEPARATE PARCELS.

1. The general scheme of taxation in force in Oregon in the years 1895 and 1896, as indicated by Hill's Ann. Laws, §§ 2815, 2816, 292, 2770, 2814, 2823, 2825, 2826, 2838, was one requiring separate parcels of realty to be separately listed for taxation, and where lots widely separated are listed and sold together for a lump sum the proceeding is void, and a tax deed based on such an assessment conveys no title.

TAXATION—OVERCOMING PRESUMPTION OF REGULARITY.

2. Though, under Hill's Ann. Laws, § 2823, making a tax deed *prima facie* evidence of the regularity of the proceedings, the burden is on the person attacking a deed to prove the irregularity, the return of the sheriff on the tax roll showing such fact is sufficient to vitiate the deed.

REDEMPTION FROM TAX SALE—TENDER OF SUM DUE.

3. Hill's Ann. Laws, § 2846, provides that where land is conveyed prior to the date of the warrant authorizing the collection of taxes thereon the grantee shall pay the taxes. *Held,* that where two thirds of a tract of land was conveyed to defendants before the date of the warrant, and the whole tract was afterwards purchased by them at a sale for taxes, which was void for irregularity, a tender to defendants of one third of the amount of the tax was sufficient to authorize the owner to bring suit to cancel the deed.

From Marion: REUBEN P. BOISE, Judge.

This is a suit by J. F. T. B. Brentano against his brother C. F. Brentano to cancel a tax deed. Plaintiff, being the owner in fee and in possession of the west half of the Jean Jeangras donation land claim, No. 79, situate in sections 14 and 23, township 4 south, range 3 west of the Willamette Meridian, conveyed, on February 13, 1896, the east two thirds thereof to the defendant and one R. L. M. Brentano. The whole of this tract, together with two certain lots in the Town of St. Paul, were assessed to the plaintiff upon the assessment roll for Marion County, Oregon, for the year 1895, but in separate parcels; the land being valued at $1,500, and the lots at $200. On March 26, 1896, a warrant was issued to the sheriff of said county for the collection of taxes due upon said roll, and on December 11, 1896, another warrant was issued and attached to the delinquent list, requiring the sheriff to make the taxes

remaining upon the said list by levy and sale of the property, as required by law. Under this warrant the sheriff levied upon and sold at public auction both land and lots *en masse,* to satisfy the whole of the taxes assessed against them, one J. K. Marley becoming the purchaser for the sum of $29.27, who received from the sheriff a certificate of sale. This certificate was assigned to P. H. Marley, and by him to defendant. In due course, and after the time for redemption had expired, the sheriff executed a tax deed to the defendant for the whole of said property so sold. On July 22, 1899, the plaintiff tendered to the defendant $19.50, in payment of one third of the taxes assessed against the land and attendant costs and expenses and the whole of the taxes assessed against the lots. He subsequently brought this suit to cancel said tax deed as a cloud upon his title to the west third of the west half of said donation land claim, the portion thereof remaining after the conveyance by him to defendant and R. L. M. Brentano as above noted, claiming that the deed is void for certain irregularities in the assessment and sale of the property for the taxes so levied, one of which is that the property was sold *en masse* by the sheriff, and not in separate parcels, as required by law. The plaintiff had a decree in the court below, and the defendant appeals.                    AFFIRMED.

For appellant there was a brief over the names of *W. M. Kaiser, W. T. Slater,* and *Tilmon Ford,* with an oral argument by *Mr. Kaiser.*

For respondent there was a brief and an oral argument by *Messrs. B. F. Bonham, John A. Jeffrey,* and *Carey F. Martin.*

MR. JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

1. It will be recalled that the land was assessed in one parcel and the lots in another, and it is admitted that they are situated one and three quarter miles apart, so they cannot be considered, under any circumstances, as one parcel. The sheriff

made the sale *en masse,* and the defendant purchased for a gross sum. This is shown by the officer's return. The deed is the result of the sale made in the manner indicated, and the question is whether it is void for irregularity. The contention in support of the deed is that it is the intention of the statute that sales of realty for taxes shall be made in separate parcels or otherwise, as it may appear likely to bring the highest price, within the discretion of the officer making the sale, and that the law has been pursued in the case at bar. The reasoning proceeds upon a collocation of Hill's Ann. Laws, §§ 2815, 2816, and 292. The first two sections provide that a warrant for the purpose of collecting delinquent taxes shall be deemed an execution against property, and shall have the force and effect thereof against any person, firm, or corporation upon whom such taxes are levied or charged on the roll, and shall be executed and returned in like manner, except as in chapter XVII otherwise provided; and that, if sufficient personal property be not found to satisfy the same, it must be levied upon any real property of the person, firm, or corporation, or sufficient thereof to satisfy the same, including fees of officers, etc. The last relates to the manner of sale under an execution, and provides that when the sale is of real property, consisting of several known lots or parcels, they shall be sold separately or otherwise, as is likely to bring the highest price; hence it is concluded that the manner of sale, whether in parcels or *en masse,* is a matter resting entirely within the discretion of the sheriff. This has not been the practice, and when we come to take into consideration other sections of the statute relating to taxation it would seem that such was not the true intendment of the law. We call attention more especially to Hill's Ann. Laws, §§ 2770, 2814, 2823, 2825, 2826, 2838. These make it incumbent on the assessor to list real property in tracts or parcels, and denote the value of each. When the delinquent list is returned to the county clerk, he is charged with the duty of making therefrom a true and correct list of the taxes remaining unpaid, and to whom charged, with a description of the

41 OR.—2.

land and lots, and deliver the same to the sheriff, with warrant attached, directing him that, if no goods or chattels of the delinquent taxpayer be found, then to levy upon the real property as set forth in the tax list, or so much thereof as shall satisfy the amount of taxes charged with the costs, etc. Before sale the sheriff must give notice by advertisement, describing accurately the lots or land to be sold; and he must make a return specifying the amount for which each lot or parcel was sold, with the name of the purchaser; and the tax deed must contain a description of the property sold, as in the tax roll. The last of the sections noted provides for the payment by lien holders of the taxes assessed against the lands involved, which is thereby made to constitute an additional lien thereon in favor of such lien holders.

The idea seems to be prevalent of keeping and treating each parcel as distinct one from another from the inception of the listing and valuation to the sale and conveyance under the tax deed. Where the lien of a judgment has attached to given parcels or lots, and the property sold under execution, the statute has received construction in consonance with this idea in so far as to permit the purchaser at an execution sale to relieve the particular property from the burden of taxes assessed against the judgment debtor, although he owned and was assessed with other realty at the time, by tendering and paying the taxes assessed against the particular parcels or lots (*Mc-Nary* v. *Wrightman*, 32 Or. 573, 52 Pac. 510), and it is in accord with the prevailing rule. Mr. Justice MOORE says in *Bays* v. *Trulson*, 25 Or. 109, 116 (46 Am. & Eng. Corp. Cas. 368, 35 Pac. 26) : "It is a well-recognized principle that the sale of property for the payment of delinquent taxes should be made of the parcels of land as they appear in the assessment roll, and to group lands in the sale which are so assessed as separate tracts, even though owned by the same person, will render the sale ineffectual to convey the title": citing Cooley, Tax'n (2 ed.), 493; Burroughs, Tax'n, p. 302; Blackwell, Tax Titles (5 ed.), § 526. To these may be added *Hayden* v. *Foster*, 13 Pick. 492, and *Barnes* v. *Boardman*, 149 Mass. 106 (21

N. E. 308, 3 L. R. A. 785). The purpose, no doubt, is to enable the taxpayer to redeem each parcel by paying the amount of the tax which it is made to bear. But if the tax collector is permitted to sell several parcels *en masse* to satisfy the gross sum assessed against the whole, the very object of a separate listing and valuation fails, and the entire real property of the taxpayer, whether consisting of known parcels or not, may as well be treated as a single item from the very beginning. We conclude, therefore, that the grouping of the acreage property assessed as one parcel, and the lots in St. Paul as another, and making sale of the whole for the gross assessment and for a lump sum, invalidates the tax deed and that the same should be declared void.

2. A sheriff's tax deed is made *prima facie* evidence, under the statute, of the regularity of the tax proceedings, including the sale. This has the effect to throw upon the plaintiff the burden of substantiating the irregularity complained of, whereas, without such a statutory provision, it would have been incumbent upon the holder of the deed to show the regularity of the proceedings from the time of the inception of the assessment to the execution of the deed: Hill's Ann. Laws, § 2823; *Strode* v. *Washer,* 17 Or. 50 (16 Pac. 926); *Harris* v. *Harsch,* 29 Or. 562 (46 Pac. 141). But in the case at bar the sheriff's return sufficiently shows the irregularity relied on by plaintiff to vitiate the conveyance.

3. Prior to the issuance of the warrant for the collection of taxes for the year 1895, plaintiff conveyed the east two thirds of the tract assessed to the defendant and another brother. Under the statute (Hill's Ann. Laws, § 2846,) this imposed upon the grantees the burden of paying the taxes assessed against the premises conveyed to them; hence the tender to the defendant of one third of the amount assessed against the whole premises and attendant costs was sufficient as a prerequisite to bringing the suit.

There was a contention that the complaint was insufficient to present the question thus treated and decided, but it sets up the insufficiency of the return of the sheriff as not showing a

separate sale of the parcels, and, while not a model pleading, it must be treated as at least an imperfect statement of a good cause, and accorded a liberal intendment. The decree of the trial court will therefore be affirmed.        AFFIRMED.