Argued 26 March, decided 23 April, 1907.

## AYERS v. LUND.

89 Pac. 806.

DISCRETION IN VACATING FINAL ORDERS DURING TERM.

1. During the term at which a judgment or decree is rendered the judge has discretionary power to set it aside and allow the hearing of further testimony and to modify it if appropriate.

CURATIVE STATUTE—RETROACTIVE EFFECT—TAXATION—LEVY.

2. Under the rule that the legislature may subsequently cure such omissions or irregularities in the proceedings of public officers as might have been originally dispensed with, it is competent to enact that sales for taxes theretofore made shall be valid, notwithstanding the required levy was not made as required by statute.

By Hill's Ann. Laws 1892, §§ 2814, 2816, the sheriff was required, under his warrant, when resort was had to real estate for the collection of taxes, to levy on the property before advertising it for sale. Section 3135 of B. & C. Comp., enacted afterwards, provides that sales of land for taxes theretofore or thereafter made to counties shall be valid notwithstanding the omission of the sheriff to make a levy. *Held,* that a sale made before the passage of the latter act without a levy by the sheriff was validated by the passage of such act, since it was an omission in the proceedings of a public officer which it was competent for the legislature to cure by retroactive enactment.

TAX DEEDS—BURDEN OF PROOF TO MAINTAIN.

3. Unless otherwise specially provided, the claimant under a tax deed has the burden of proof as to its validity.

TAXATION—SALES TO COUNTY—EFFECT OF DEED.

4. Section 3127, B. & C. Comp., which provides that where real property shall be sold to a private purchaser at a tax sale, the sheriff's deed shall be *prima facie* evidence that the statutory requirements have been fully complied with, does not apply to sales to counties, as no deeds are required in such cases.

EFFECT OF RECITALS IN TAX DEEDS AS EVIDENCE.

5. The provisions of Section 3135, .B. & C. Comp., that deeds given by the sheriff at sales of real property shall be conclusive evidence of the regularity and existence of all proceedings to pass title, etc., apply only to the regularity and existence of such proceedings as are the foundation of the deed, and do not operate as evidence of the regularity and existence of the proceedings necessary to transfer the tax debtor's title to the county.

TAXATION—SUFFICIENCY OF RETURN OF SALE.

6. A return of the officer making a tax sale, consisting of a printed notice of the tax sale cut from a newspaper, headed, "Sheriff's Sale for Delinquent Taxes," which was attached to the delinquent tax roll and upon which was interlined or written at the time of or after the sale, opposite the name and description of the property, the name of the purchaser and the selling price in each case, to which was attached this certificate: "The foregoing return of delinquent tax sales for the year 1898 is true and correct in every detail. Dated the 27th of October, 1899"—is not in compliance with B. & C. Comp. §§ 3118, 245, 1014, providing that the warrant for the collection of delinquent taxes must be executed and returned as an execution against property, and that a sheriff must make written return of an execution setting forth his doings thereon.

TAXATION—ADVERTISEMENT AND RETURN OF SALE—NOTICE.

7. A due return showing the advertisement of delinquent property and the sale are essential elements in proceedings to sell land for taxes, and without them there is no evidence of title in the county, since their absence cannot be cured by the legislature, for then there would not be notice.

From Josephine: HIERO K. HANNA, Judge.

Statement by MR. JUSTICE EAKIN.

This is a suit to quiet title brought by S. N. Ayers and others against O. O. Lund. Elizabeth Ayers, through whom the plaintiffs claim, was the owner of the property in question during the year 1898, and it was assessed to her for taxation for that year. The answer as a defense alleges that, the tax thereon being delinquent, the sheriff on October 23, 1899, sold the same to Josephine County by authority of the delinquent tax warrant for the amount of said taxes, $8.35, and thereafter, on July 14, 1902, sold to defendant the title thus acquired by the county for the sum of $16.35, pursuant to the terms of Sections 3133,

3136, B. & C. Comp., and on August 8, 1902, executed to him a deed therefor under the provisions of Section 3135. Plaintiffs by their reply question the validity of defendant's title, for the reason that the sheriff in making said tax sale to the county made no levy on the property under his warrant, and did not advertise the same for sale, as provided by law, and made no return of said sale upon his tax warrant, and alleges tender of $50 to the defendant prior to the suit to cover the amount of his bid and subsequent taxes paid, and that they tender the same into court with the reply. At the trial no proof was offered of the tender or deposit of the tender with the clerk, and for want thereof findings were made and decree rendered by the court in favor of defendant. On the same day the plaintiffs filed a motion, based upon affidavit, to vacate the decree and reopen the case and permit them to prove the tender and to deposit the money in court, which was granted by the court, and thereafter, upon the further findings, decree was rendered for plaintiffs. The case was submitted on briefs under the proviso of Rule 16: 35 Or. 587, 600.                                           AFFIRMED.

For appellant there was a brief over the name of *Mr. H. D. Norton.*

For respondent there was a brief over the name of *Robert Glenn Smith.*

Opinion by MR. JUSTICE EAKIN.

1. Defendant assigns as error the act of the court in vacating the decree and permitting further testimony to be offered. The proceedings of the court remain in the breast of the judge until the close of the term, during which time the court has inherent right to correct, modify or vacate its decree, and its action in such a case will not be disturbed on appeal except for an abuse of discretion, which does not appear here: *Deering* v. *Quivey,* 26 Or. 556, 557 (38 Pac. 710).

2. It is also claimed that the court erred in finding that the tax sale is void for want of a levy upon the property under the warrant. By the terms of the statute in force at the time of the

sale (Sections 2814, 2816, Hill's Ann. Laws 1892) the sheriff was required, under his warrant, when resort was had to the real estate, to make a levy upon the property before advertising it for sale, so that the levy is part of the procedure in the execution of the warrant. But it is claimed by the defendant that the omission of the levy is cured by the terms of Section 3135, B. & C. Comp. It is within the power of the legislature to cure by retroactive enactment such omissions or irregularities in proceedings of public officers as might in the first instance have been dispensed with by it. The levy is an act by the officer which fixes the lien upon the property and determines the date from which the lien will attach, but it is not a jurisdictional or essential act necessary to the validity of the sale. In case the lien is not otherwise created, a sale without a levy transfers only the title of the tax debtor at the time of the sale (2 Freeman, Executions, 3 ed., § 280), and, unless levy is made necessary by statute, the sale is valid without it, and, where it is required by statute, its omission by the sheriff may be cured by subsequent legislative act: *Stanley* v. *Smith,* 15 Or. 505, 510 (16 Pac. 174). And in this case the absence of the levy was cured by Section 3135, B. & C. Comp.

3. Defendant also claims that the burden is upon the plaintiffs to establish the invalidity of the tax sale. By legislative act of 1901 (Gen. Laws 1901, p. 72: Sections 3131-3136, inclusive, B. & C. Comp.), provision is made for the disposition of property purchased by the county at tax sales. Section 3131 provides:

"If no redemption shall be made, title to the lands so sold shall vest in the county * * without issuance of deed or other formality."

By Sections 3133, 3136, B. & C. Comp., the sheriff is authorized on the first Monday in July of each year to sell to the highest bidder the lands theretofore bid in by the county for taxes, and to which it shall have acquired title, as provided in Section 3131. Section 3135 is curative of the irregularities occurring in tax proceedings resulting in the county's title, and also provides

for a deed to the purchaser at the sale of the county's title, under Section 3133, and makes such deed "conclusive evidence of the regularity and existence of all proceedings necessary to pass title to the lands therein conveyed, and of title in the grantee, except" as to certain matters relating to the assessment, previous payment of the tax, etc.

Defendant relies upon his deed and its effect under Section 3135, B. & C. Comp., as casting the burden upon the plaintiffs to show the invalidity of the tax sale. The well-established rule, when not modified by statute, is that the burden of proof is on the holder of the tax title to maintain his title by affirmatively showing that the provisions of the law have been complied with: *Strode* v. *Washer,* 17 Or. 50, 57 (16 Pac. 926) ; *Bays* v. *Trulson,* 25 Or. 109, 114 (35 Pac. 26) ; *Brentano* v. *Brentano,* 41 Or. 15, 19 (67 Pac. 922) ; *Marx* v. *Hanthorn,* 148 U. S. 172, 180 (13 Sup. Ct. 508: 37 L. Ed. 410).

4. By Section 3127, B. & C. Comp., in case of a tax sale to a private purchaser, the deed is made *prima facie* evidence that the provisions of the law have been fully complied with, but this does not apply to a purchase by the county, as no deed is provided for in such case.

5. Nor is there any other statute that has that effect, unless it is Section 3135 above quoted, in which the deed is made conclusive evidence; but the part of the section referring to the evidentiary effect of the deed can only apply to the regularity and existence of such proceedings as are the foundation of the deed, and cannot operate as evidence of the regularity and existence of the proceedings necessary to transfer the tax debtor's title to the county. To give it that effect would make it evidence of facts with which it has no connection. The limit of its effect in that regard is to such facts as constitute a compliance with the law in the sale to the defendant, as prescribed by Section 3133, B. & C. Comp., and therefore in this case the rule above quoted is not changed by statute, and the burden is on the defendant to prove the regularity of the tax sale proceedings: *Brentano* v. *Brentano,* 41 Or. 19 (67 Pac. 922) ; *Bays* v. *Trulson,* 25 Or. 114 (35 Pac. 26).

6. There is no evidence before the court that the property was advertised for sale or sold to the county. At the trial the officer who made the sale identified as his return on the tax warrant what we understand was a copy of the printed notice of the tax sale, cut from the newspaper, headed, "Sheriff's Sale for Delinquent Taxes," which was attached to the delinquent tax roll, and upon which was interlined or written at the time of or after the sale, opposite the name and description of the property, the name of the purchaser and the selling price in each case. This so-called return is dated September 18, 1899, the date of the notice, but to which is attached this certificate of the officer:

"The foregoing return of delinquent tax sales for the year 1898 is true and correct in every detail.
Dated the 27th of October, 1899."

This does not show an advertisement of the property for sale or a sale. The warrant for the collection of delinquent taxes must be executed and returned in like manner as an execution against property: Section 3118, B. & C. Comp. The sheriff must make written return of an execution, setting forth his doings thereon: Sections 245, 1014, B. & C. Comp. In *Hall* v. *Stevenson,* 19 Or. 153, 157 (23 Pac. 889: 20 Am. St. Rep. 803), relating to a return on a writ of attachment, it is said: "The return must state what was done, and the presumption that the officer has done his duty is not sufficient to supply a material factor or circumstance which does not appear in his return." The return is mandatory, and must be in writing, and is the primary evidence of what was done by the sheriff in the execution of the warrant: 3 Freeman, Executions (3 ed.), 356.

7. Without a due return showing the advertisement of the property and the sale, there is no evidence of title in the county. These are essential elements in the proceedings, and the absence of them cannot be cured by the legislature: *Stanley* v. *Smith,* 15 Or. 505, 510 (16 Pac. 174); *Ferguson* v. *Kaboth,* 43 Or. 414, 421 (73 Pac. 200, 74 Pac. 466); *Marx* v. *Hanthorn,* 148 U. S. 182 (13 Sup. Ct. 508: 37 L. Ed. 410). As we have

already seen, the return upon the warrant, which is the evidence of the sheriff's acts, does not show that there was an advertisement and sale of the property for taxes, and hence there is no evidence of the county's title, and it must fail. As the county acquired no title under the tax-sale proceedings, defendant acquired none by the sale under Section 3133, B. & C. Comp., which only authorizes the sheriff to make sale of lands to which the county had acquired title.

The decree of the lower court is affirmed.          AFFIRMED.