Argued March 1, decided March 15, 1910.

## COLUMBIA  VALLEY  TRUST  CO.  *v.*  SMITH.

[107 Pac. 465.]

CONSTITUTIONAL LAW—DUE PROCESS OF LAW—RULES OF EVIDENCE.

1. The legislature may make such changes in the rules of evidence governing the trial of civil causes as wisdom may suggest, without taking away due process of law, provided the changes do not preclude a party from presenting the facts supporting his theory of the case.

CONSTITUTIONAL LAW—DUE PROCESS OF LAW—RULES OF EVIDENCE.

2. A statute, which makes a writing that degree of proof which, unexplained or uncontradicted, is of itself sufficient to establish the truth of a legal principle asserted by a party in a civil action, does not deprive the adverse party of the right to present at the trial, facts proving his

theory, but only imposes on him the burden of overcoming the *prima facie* case made by receiving the writing ·in evidence, and the statute is not invalid.

Corporations—Corporate Existence—Evidence.

3. Under Laws 1905, p. 111, providing .that articles of incorporation, or a certified copy of the one filed with the Secretary of State or county clerk, shall be *prima facie* evidence of the existence of the corporation, the articles of incorporation or a proper certified copy thereof is sufficient evidence of the existence of the corporation.

Evidence—Opinion Evidence—Matters for Court or Jury.

4. A witness may not, as a general rule, give his opinion founded on the facts or based on inferences that may be drawn from them; it being for the court and jury to deduce conclusions from evidence.

Appeal and Error—Harmless Error—Erroneous Admission of Evidence.

5. Where, in an action by the holder of a note under a blank indorsement, the president of the holder, a corporation, testified that the payee transferred the note to the corporation and gave it to the witness, the error, if any, in permitting him to state who was at the time of the trial the owner and holder of the note, was not prejudicial; the trial having been to the court.

Appeal and Error—Questions Reviewable—Questions Not Raised in Trial Court.

6. Where, in an action by the holder of a note indorsed in blank, the note was received in evidence without objection or exception, and the error in rendering judgment without inserting over the payee's signature the name of the assignee was not assigned in the abstract, the error was not reviewable.

From Multnomah:   Earl C. Bronaugh, Judge.

Statement by Mr. Chief Justice Moore.

This is an action by the Columbia Valley Trust Co., a corporation, *v.* Milton W. Smith, to recover the amount of a matured promissory note executed by the defendant to D. C. Pelton, and alleged in the complaint to have been assigned and transferred by the latter to the plaintiff, which it is averred is a private corporation, duly organized and existing under the laws of Oregon.

The answer denies, upon information and belief, that the plaintiff is a corporation, etc., or that Pelton assigned the note to it.   The cause was tried without the intervention of a jury, and, judgment having been rendered upon the findings of fact made according to the allegations of the complaint, the defendant appeals.

Affirmed.

For appellant there was a brief over the names of *Mr. L. E. Latourette* and *Mr. Milton W. Smith,* with an oral argument by *Mr. Latourette.*

For respondent there was a brief over the names of *Mr. Arthur P. Tifft* and *Mr. Henry St. Rayner,* with an oral argument by *Mr. Tifft.*

Opinion by MR. CHIEF JUSTICE MOORE.

1. It is contended by defendant's counsel that evidence received over objection and exception did not substantiate the incorporation of the plaintiff, or the assignment of the note sued upon to it, and, such being the case, an error was committed in refusing to grant a judgment of nonsuit. The bill of exceptions shows that A..P. Tifft, as plaintiff's witness, having testified that he was its president, counsel said: "We will offer in evidence the original articles of incorporation of the plaintiff." An objection to the document, on the ground that it was immaterial, irrelevant, and incompetent, and that the writing was not properly proven, was overruled, and an exception allowed. The plaintiff's counsel further observed: "We also offer the supplementary articles of incorporation." To this offer the same objection, ruling, and exception are noted as in the preceding tender of proof. The defendant having admitted that he executed the note in question, it was received in evidence without objection or exception, and shows that Pelton indorsed it in blank. Tifft stated upon oath that, although he did not see the indorsement made on the note, he was acquainted with and recognized the signature of Pelton, who, in transferring the instrument to the plaintiff, gave it to the witness. He was then asked, "Who is now the owner and holder of that note?" and over objection and exception, on the ground that the inquiry called for a conclusion, was permitted to reply, "The Columbia Valley Trust Company, the plaintiff in this case." The execution

of the documents purporting to be the plaintiff's articles of incorporation was attested by subscribing witnesses, neither of whom was called to verify the authenticity of the writings.   Nor did the plaintiff offer any evidence tending to show that the provisions of the statute had been complied with, in that the articles of incorporation were executed in triplicate, one filed with the Secretary of State, one with the local county clerk, and another retained by the plaintiff at its place of business in Mult-nomah County (Section 5053, B. & C. Comp.), or that the subscribers of the articles had opened books to receive applications for capital stock of the corporation, that one-half thereof had been subscribed, or that directors had been elected. (Section 5057, B. & C. Comp.)

It is argued that the failure to call the subscribing witnesses to prove the execution of the articles of incorporation, and the neglect to show a compliance with the requirements of the statute respecting its existence and organization, renders the admission in evidence of such articles erroneous, and necessitates a reversal of the judgment.   The statute demands that when a writing is offered in evidence, and it appears that the document is attested by a subscribing witness, its execution shall be proved by him, if living, within the State, and can testify. Section 773, B. & C. Comp.   In construing this enactment, its provisions were held to be mandatory.   *Hannan* v. *Greenfield,* 36 Or. 97, 103 (58 Pac. 888).

The statute announcing the degree of proof necessary in certain cases formerly contained the following provision:   "The articles of incorporation, or a certified copy of the one filed with the Secretary of State or the county clerk, is evidence of the existence of such corporation." Section 5054, B. & C. Comp. Construing this clause in connection with other sections of the general incorporation act, it was determined that a substantial compliance with such provisions was necessary in order to create

and form a private corporation, and that when its existence or organization was challenged by the pleadings it was essential for the party on whom the burden was imposed to supplement the evidence, which the articles of incorporation or a proper copy thereof afforded, by testimony tending to show an observance of the several statutory requirements. *Goodale Lumber Co.* v. *Shaw,* 41 Or. 544 (69 Pac. 546). Since that decision was rendered, the statute (Section 5054, B. & C. Comp.) has been amended, and now reads as follows:

"The articles of incorporation, or a certified copy of the one filed with the Secretary of State or county clerk, shall be *prima facie* evidence of the existence of such corporation and of its right to do the business mentioned in said articles without any other evidence thereof." Laws Or. 1905, p. 111.

It is argued by defendant's counsel that the amendment is an attempt on the part of the legislature to invade the province of the judicial department by prescribing the degree of proof required in a particular instance; that the enactment does not pretend to repeal or alter the clauses of the general act of incorporation which designate the several duties required to be performed in order to create and organize a private. corporation; and that, such being the case, the evidence offered at the trial herein was insufficient to authorize a judgment for the plaintiff.

The principle is settled that a legislative assembly may make such changes in the rules of evidence, governing the trial of civil causes, as wisdom and experience may suggest, providing, however, the alteration does not preclude a party from freely presenting the facts which tend to support his theory of the issue invoked. Cool. Con. Lim. (5 ed.) 348, 452; 11 Am. & Eng. Enc. Law (2 ed.) 550. "Courts of high authority," says Mr. Justice Shiras, in *Marx* v. *Hanthorn,* 148 U. S. 172, 181 (13 Sup. Ct.

508, 510: 37 L. Ed. 410), "have held that mere rules of evidence do not form part of contracts entered into while they are in force, and that it is competent for the legislature to, from time to time, change the rules of evidence, and to make such change applicable to existing causes of action." In *Board of Commissioners* v. *Merchant,* 103 N. Y. 143, 148 (8 N. E. 484, 485: 57 Am. Rep. 705), in discussing this question, Mr. Justice EARL says:

"The general power of the legislature to prescribe rules of evidence and methods of proof is undoubted. While the power has its constitutional limitations, it is not easy to define precisely what they are. A law which would practically shut out the evidence of a party, and thus deny him the opportunity for a trial, would substantially deprive him of due process of law."

2. Legislative assemblies, evidently invoking the disputable presumption that official duty has been performed or that the several provisions of a law have been obeyed, have enacted statutes which declare that in the trial of civil causes the production of a properly executed document, purporting to be the consummation of distinct acts which are made essential to the initiation of a right, should be regarded as *prima facie* evidence of a compliance with the several integral mandates of law that are made necessary for that purpose. A statute which makes a writing that degree of proof which, unexplained or uncontradicted, is alone sufficient to establish the truth of a legal principle asserted, by a party (*State* v. *Kline,* 50 Or. 426, 432: 93 Pac. 237), does not deprive the adverse party of the right freely and fully to present at a trial, facts tending to prove his theory, but imposes on him the burden of overcoming the *prima facie* case which was made by receiving the document in evidence. (*Strode* v. *Washer,* 17 Or. 50, 57 (16 Pac. 926) ; *Bays* v. *Trulson,* 25 Or. 109, 115 (35 Pac. 26) ; *Harris* v. *Harsch,* 29 Or. 562, 566 (46 Pac. 141) ; *Brentano* v. *Brentano,* 41 Or. 15, 19 (67 Pac.

922) ; *Ayers* v. *Lund,* 49 Or. 303, 307 (89 Pac. 806: 124 Am. St. Rep. 1046).

The statute (Section 5054, B. &. C. Comp.) was evidently amended to abrogate the effect of the earlier decisions of this court respecting the manner of proving the validity of a document without calling a subscribing witness to establish the execution and organization of a private corporation, and substituting therefor a simpler method: *Leavengood* v. *McGee,* 50 Or. 233 (91 Pac. 953), *Pioneer Hardware Co.* v. *Farrin,* 55 Or. 590 (107 Pac. 456.)

3. The principle is well fortified by authority that the legislature possesses plenary power to adopt the amended statute, and, having done so, the proof offered by the plaintiff was sufficient to establish its corporate existence and organization, and, such being the case, no error was committed in denying the motion for a judgment of nonsuit.

4. The court, over objection and exception, permitted Tifft to answer the question, "Who is now the owner and holder of that note?" and it is maintained that an error was thereby committed. It is the province of the court and the jury to deduce conclusions from evidence, and for that reason a witness will not generally be allowed to give his opinion founded on the facts or based on the inferences that may be drawn from them. In support of this legal principle, see the case of *Montgomery* v. *Somers,* 50 Or. 259, 262 (90 Pac. 674) where the previous decisions of this court on that subject are collated.

5. It will be remembered that, before asking the question now assigned as error, Tifft had testified that Pelton transferred to the plaintiff the note and gave it to the witness. Such testimony tended to show that the Columbia Valley Trust Company, at one time, was the owner and holder of the note. The question would have been less objectionable if Tifft had been directed to state whether the plaintiff, after receiving the note, had assigned it.

From his answer in the negative to such an inquiry the court would have reached the conclusion that the plaintiff's ownership continued, since it affirmatively appeared that the instrument has been transferred to it. It might possibly be presumed that, since the testimony disclosed that at one time the note was held and owned by the plaintiff, its right of property and possession continued (Section 788, subd. 33, B. & C. Comp.) ; but, however this may be, as the cause was not tried by a jury, but by the court, we do not think the defendant was prejudiced by permitting the question to be answered.

6. It is insisted that, the note having been indorsed in blank, no recovery can be had thereon without inserting over the original payee's signature the name of the assignee, and, this being so, an error was committed in rendering the judgment herein. The error thus asserted is not assigned in the abstract, and as the note, indorsed in blank, was received in evidence without objection or exception, the action of the court is not subject to review in this particular.

It follows that the judgment should be affirmed, and it is so ordered.                              AFFIRMED.