## MAYHOOD & STEWART v. LETENDER et al.

(Fourth Division. Fairbanks. September 24, 1910.)

No. 906.

1. ESTOPPEL (§§ 34, 110*)—PLEADINGS—NECESSITY.

If the plaintiffs intended to rely upon the bond as an estoppel against the defendants, they should have pleaded the same. Estoppel either by deed or in pais should be specifically pleaded.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 82½, 83, 300; Dec. Dig. §§ 34, 110.*]

2. REPLEVIN (§ 50*)—FORTHCOMING BOND—EFFECT.

In a suit in replevin, the marshal seized between 280 and 300 cords of wood. The defendants gave a forthcoming bond and secured its discharge, taking possession of about 200 cords, of which 52 cords concededly belonged to them. Thereafter plaintiffs sued for the value of the wood, and the defendants answered and admitted having received only 148 cords claimed by the plaintiffs, and the plaintiffs set up an estoppel by the bond. *Held*, the bond merely estopped defendants from denying that they had possession, but they are not estopped from denying that the possession was wrongful. The plaintiffs must therefore show how much of the wood redelivered to the defendants belonged to the plaintiffs, and can recover for no more.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. § 186; Dec. Dig. § 50.*]

3. REPLEVIN (§ 50*)—FORTHCOMING BOND.

Where a defendant is sued in replevin and gives a forthcoming bond, and thereby secures the release of the property, he is estopped to deny the possession of the property, but is not estopped to deny the ownership or right of possession of the plaintiff. The plaintiff must prove his title and right of possession notwithstanding the bond.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. § 186; Dec. Dig. § 50.*]

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

This is an action in replevin, wherein plaintiffs allege, among other things, that on and prior to the commencement of the action they were the owners and entitled to the possession of about 300 cords of 4 and 16 foot wood, situate on the Chatanika flats, near the mouth of Cleary creek, and being on public lands of the United States. Plaintiffs further allege that the property is of the value of $1,500, and that the defendants, on or about the 9th day of November, 1907, without the plaintiffs' consent, wrongfully laid claim to and took possession of said wood and still retain the same. Plaintiffs further allege that they made demand upon the defendants to return said wood and the failure of the defendants to return same.

Four of the defendants, P. Letender, J. Letender, Charles Lauden, and Charles W. Johnson, were duly served with summons and appeared and filed an answer, and denied that the plaintiffs are the owners or entitled to the possession of the wood described in the complaint, or any part thereof.

And for a further and separate answer and defense they allege that in the forepart of November, 1907, and before the commencement of this action, Ora Barnhardt was the owner and in possession and entitled to the possession of 148 cords of said wood; and, while the said Ora Barnhardt was the owner and in the possession of and entitled to the possession of said 148 cords of wood, defendants purchased the same from him at $3.75 per cord; and that the defendants then and there paid to the said Barnhardt the full purchase price of said wood, and that said defendants are now the owners, in possession and entitled to the possession of said 148 cords of wood, and the whole thereof. Defendants further allege that they believe that said 148 cords of wood constitute a portion of the wood described in plaintiffs' complaint.

Plaintiffs, in their reply to the affirmative answer, deny that Ora Barnhardt was the owner of the wood described in said affirmative answer at the time he pretended to sell the same to the defendants, and allege that the plaintiffs were the owners of said wood at the time Barnhardt sold the same to defendants.

The evidence substantially discloses the following state of facts: In March, 1907, Ora Barnhardt entered into a contract

with the firm of Heney, Levy & Pickle for the sale of about 300 cords of wood, whereby it was agreed that the firm of Heney, Levy & Pickle might haul the wood to their mining plant, but not consume any of the same until the purchase price was paid therefor. At that time Barnhardt was indebted to the plaintiffs herein, and subsequently thereto Barnhardt assigned his claim to the plaintiffs herein, who subsequently, with his consent, accepted from Heney, Levy & Pickle promissory notes for the purchase price of said wood. That thereafter, and when the said notes matured, plaintiffs sued on the same and attached 282 cords of the wood that had been sold to said Heney, Levy & Pickle by Barnhardt. Subsequently thereto, and in November, 1907, the defendants purchased 148 cords of the same wood that had been attached in said action of the plaintiffs herein against Heney, Levy & Pickle, and the defendants purchased 52 cords of wood from another party by the name of Woods in the same locality. The defendants having seized possession of said 148 cords of wood, this action was brought, and a writ of replevin issued herein, whereby the property was seized and taken from the possession of the defendants by the marshal. Under the writ of replevin, the marshal levied on between 280 and 300 cords of wood. The defendants thereafter executed a forthcoming bond, reciting their right to the possession of said wood, whereby the marshal redelivered the wood to the defendants.

Roth & Dignan, for plaintiffs.
McGinn & Sullivan, of Fairbanks, for defendants.

LYONS, District Judge. Plaintiffs claim that they are entitled to judgment against the defendants, and each of them, for 300 cords of wood, or the value thereof, and they claim the value of same to be $4.50 per cord; and they further claim that the defendants are estopped from denying that they took 300 cords of wood from the possession of the marshal, on account of the said defendants' having given a forthcoming bond, wherein they recited that they were entitled to the possession of all the wood held by the marshal.

The defendants contend that the plaintiffs are not entitled to any judgment whatever against the defendants, but that in any event they are not entitled to judgment for more than 148 cords of wood, or the value thereof, which they claim is only $3.50 per cord. They further claim that the giving of the re-delivery bond in this action in no way estops them from denying the ownership of the plaintiffs to the wood seized by the marshal, or to the wood which the defendants received from the marshal. And they further claim that in any event, in order that the recitals of such a bond may serve as an estoppel against the parties executing the same, the facts constituting such an estoppel should be specifically pleaded.

While it is true that the evidence shows that the plaintiffs in their action against Heney, Levy & Pickle had seized between 280 and 300 cords of wood, the evidence also shows that the defendants claimed only 148 cords of that wood, and that the other 52 cords which they hauled from that vicinity was wood which did not belong to the plaintiffs or to Barnhardt; and the evidence further shows that, of the wood which belonged to the plaintiffs before its attachment, the defendants took only 148 cords, which amount they purchased from Barnhardt. The evidence conclusively shows that the defendants received all told 200 cords of wood, and the undisputed evidence shows that 52 cords of that amount did not at any time belong to the plaintiffs.

It is obvious, then, that, unless the defendants are estopped by reason of the execution of the forthcoming bond, they cannot be held for any greater amount than the said 148 cords of wood. If plaintiffs intended to rely upon the bond as an estoppel against the defendants, they should have pleaded the same. Estoppel either by deed or in pais should be specifically pleaded.

"A settled rule of pleading is that estoppels must be specifically pleaded and with great particularity and precision, leaving nothing to intendment. This rule proceeds upon the theory that, as an estoppel excludes a party from asserting the truth, all things essential to give the right to shut out the truth should affirmatively appear." Bliss on Code Pleadings (3d Ed.) § 364.

"If a party who has an opportunity to plead an estoppel upon which he relies fails to do so, but goes to issue on the fact, he thereby waives the estoppel, puts the matter at large, and the jury may

disregard the estoppel and are at liberty to find the truth." Nickum v. Burckhardt, 30 Or. 464, 47 Pac. 788, 48 Pac. 474, 60 Am. St. Rep. 822; Union St. Ry. Co. v. First National Bank, 42 Or. 606, 72 Pac. 586, 73 Pac. 341; 1 Freeman on Judgments (4th Ed.) § 283; Chapman v. Hughes, 134 Cal. 641, 58 Pac. 298, 60 Pac. 974, 66 Pac. 982; Meiss v. Gill, 44 Ohio St. 253, 6 N. E. 656; Central National Bank v. Doran, 109 Mo. 40, 18 S. W. 836; Gaynor v. Clements, 16 Colo. 209, 26 Pac. 324; Rugh v. Oppenheimer, 6 Or. 231, 25 Am. Rep. 513; Remillard v. Prescott, 8 Or. 37; Bays v. Trulson, 25 Or. 109, 35 Pac. 26; 16 Cyc. 806, and cases cited.

At common law the rule permitting estoppels to be proved under general denials seems to prevail, although the authorities are somewhat divided as to the common-law rule, but under the Code practice, which requires affirmative defenses to be specifically alleged, the universal rule is that, whenever it is possible to plead matters of estoppel, they should be pleaded. Occasionally, as in ejectment, when the plaintiff's complaint alleges, generally, his ownership and right of possession, the defendant is not required to specifically plead affirmative defenses, or where the plaintiff's complaint does not disclose the title on which he expects to rely; but, where a person has an opportunity to plead matters of estoppel, he should do so. In this case the plaintiff could have by reply pleaded the defense of estoppel by the giving of the forthcoming bond, if such were a defense. But is it necessary to discuss the question of estoppel in this case? It is true, as stated by Mr. Cobbey in his work on Replevin, § 701:

"Where defendant gives a bond and obtains a redelivery of the property under the statute providing for it, he thereby admits that he had possession of the property at the commencement of the suit. He is thereby estopped from alleging that it was not taken from him and was not in his possession at the commencement of the suit. Where the defendants give a forthcoming bond, they are estopped to deny that the property was found in their possession at the time of the levy of the writ."

But the giving of the bond does not prevent the defendant from denying the ownership or right of possession of the plaintiff. The defendant is merely estopped from denying that he had possesssion of the property at the time of the institution of the action, but he is not estopped from denying that the possession was wrongful. Consequently in this case it becomes

necessary for the plaintiffs to show how much of the wood, which was redelivered by the marshal, actually belonged to the plaintiffs. It is admitted that the 148 cords of wood purchased by Letender from Barnhardt was included in that wood; and therefore the plaintiffs are entitled to recover from the defendants said 148 cords or the value thereof; and there is some evidence which tends to show that at least a portion of the remainder of the wood redelivered by the marshal to the defendants was the plaintiffs' wood, but what portion thereof does not clearly appear. However that may be, the undisputed evidence shows that the defendants, while they executed a bond for the redelivery of some 300 cords of wood, as a matter of fact they did not take into their possession more than 200 cords thereof, 52 of which actually belonged to them.

The plaintiffs again contend that it is immaterial how much wood the defendants actually took into their possession; that they are estopped from denying the recitals in the bond. That position might be tenable, if that defense had been specifically pleaded, and if the plaintiffs never exercised any acts of ownership over the wood after the giving of the bond, but the evidence conclusively shows, even the plaintiffs acknowledge, that they endeavored to sell some of the wood which was left on the Chatanika flats after the giving of that bond. Consequently, if the defense of estoppel had been specifically pleaded, that fact would not prevent the defendants from showing that although they gave a bond for that amount of wood, and although they actually received that amount of wood, nevertheless, subsequent thereto, and before the trial, the plaintiffs actually seized possession of a portion of the wood. If the rule of estoppel could be carried to the extent which plaintiffs contend, it would be possible for the plaintiffs to get possession of the property in controversy, and yet obtain judgment against the defendants for the same, or its value.

Under the evidence in this case, the plaintiffs are not in a position to urge an estoppel against the defendants, even though the defendants pleaded the same, as to any wood which they exercised acts of ownership and possession over subsequent to the execution of the bond; that is, the recitals in the

bond have no prospective force. They merely estop the executor from ever denying the truth of such recitals, but they do not prevent him from showing subsequent changes in the status of the possession of the property referred to.

The evidence also shows that the defendants acted in good faith at the time they purchased the wood from Barnhardt, believing that he had a good title to the same.

The evidence is conflicting as to the value of the wood at the time of the delivery of the same to the defendants by the marshal, but, under the testimony, it seems that $4 per cord was a fair price for the wood. Plaintiffs are therefore entitled to recover from the defendants, and each of them, 148 cords of wood, or the value thereof, to wit, the sum of $592.

Let findings of fact, conclusions of law, and decree be entered in accordance with this opinion.