Argued July 26, decided August 1, 1911.

## VICTOR LAND CO. *v.* WINTERS.

[116 Pac. 1070.]

TAXATION—ASSESSMENT AND SALE—SEPARATE PARCELS.

1. Under Sections 3071 and 3122, B. & C. Comp., requiring lots to be separately assessed and sold for taxes, the sale is void where two lots are assessed and sold together for a lump sum.

TAXATION—ACTIONS TO RECOVER PROPERTY SOLD—LIMITATIONS—PLEADING.

2. Section 3128, B. & C. Comp., requiring all actions to recover property sold for taxes to be commenced within three years from the recording of the tax deed, is, in its nature, a statute of limitations, which, to be availed of, must be pleaded.

TAXATION—DEFENDING AGAINST TAX SALE—DEPOSIT OF TAXES AND PURCHASE MONEY—PLEA IN ABATEMENT.

3. Objection that there was non-compliance with Section 3128, B. & C. Comp., requiring the person defending against a tax deed to deposit in court, with his first pleading, the amount of the purchase price at the tax sale and of subsequent taxes paid by the purchaser, unless taken by plea in abatement, is waived.

From Multnomah: WILLIAM GATENS, Judge.

Statement by MR. JUSTICE MCBRIDE.

This is an action in ejectment by the Victor Land Company, a corporation, against H. D. Winters to recover possession of lots 27 and 28 in block 4 in the town of Mansfield, Multnomah County, Oregon. The complaint is in the usual form. The answer denies plaintiff's title and possession, and sets up title in the defendant. Both parties deraign title from Anna Matts, who, it is conceded, was the owner of the property in 1894, and who in January, 1908, executed a deed purporting to convey it to plaintiff. Defendant claims title through certain sheriff's sales for delinquent taxes and subsequent conveyances from the sheriff's grantees to him. Other facts appear in the opinion.        REVERSED.

For appellant there was a brief with an oral argument by *Mr. Frank Schlegel.*

For respondent there was a brief with oral arguments by *Mr. Barge E. Leonard* and *Mr. Robert E. Hitch.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1. The first sale for taxes was made by William Frazier, sheriff, in 1900 for the taxes due for the year 1899. The return shows that both lots were assessed together for a lump sum and sold in a like manner, and the sale was void.

Section 3071, B. & C. Comp., which was the law in force in 1899, required the assessor, in listing real property for assessment, to give the number of each lot and block, and the full cash value of each parcel. Section 3122 requires a sale of each parcel. These provisions are not complied with when there is a lump assessment and sale of several distinct parcels or lots. *Bays* v. *Trulson,* 25 Or. 109 (35 Pac. 26: 46 Am. & Eng. Corp. C. 368) ; *Bretano* v. *Bretano,* 41 Or. 15 (67 Pac. 922). These cases have so thoroughly settled the law in this State that it is unnecessary to consider the holding of other jurisdictions on this subject.

The certificates of the sheriff, as to the two sales, to Multnomah County indicate that there was also a lump sale of the two lots, instead of separate sales of each, and the sale was void for that reason.

2. Section 3128, B. & C. Comp., requires all actions to recover property sold for taxes to be commenced within three years from the recording of the tax deed. This is, in its nature, a statute of limitations, and, to be taken advantage of, must be pleaded, which was not done in this case.

3. The same section requires the person defending against a tax deed to deposit in court, with his first pleading, the amount of the purchase price paid at the tax sale, with 20 per cent additional, and all subsequent taxes that may have been paid by the purchaser with 10 per cent interest. This the plaintiff failed to do; but we have heretofore held that, unless this objection is taken by a plea in abatement, it is waived. *Rafferty* v. *Davis,* 54 Or. 77 (102 Pac. 305).

The judgment will be reversed, and the cause remanded to the circuit court, with directions to enter a judgment for plaintiff on the findings.          REVERSED.