Submitted on briefs November 26, 1913, decided January 13, 1914.

## BORTHWICK *v.* JOHNSON.

(137 Pac. 784.)

**Taxation—Tax Deeds—Validity—Presumptions and Burden of Proof.**

1. Unlike a sheriff's deed on sale of land for delinquent taxes, his deed on sale of land bid in by the county is not *prima facie* evidence of regularity of the proceeding, and one claiming thereunder must show that every step necessary to vest complete title in the county has been complied with.

[As to recitals in tax deeds and their effect as evidence, see note in 31 Am. St. Rep. 233. See, also, note in 28 Am. St. Rep. 19.]

**Taxation—Tax Titles—Suits—Evidence.**

2. In a suit to quiet title to land, a party claiming title under a sheriff's deed to land bid in by the county for taxes is not entitled to a decree in his favor, in the absence of evidence that any warrant was ever issued by the County Court for the sale of taxes, or of any notice of sale, or of the certificates of sale which the law requires to be given the purchaser at a tax sale.

From Multnomah: HENRY E. McGINN, Judge.

En Banc.    Statement by MR. CHIEF JUSTICE Mc-
BRIDE.

This is a suit by William L. Borthwick against J.
E. Johnson, Oscar Swank, Eva L. Swank, J. D. Swank
and Wm. Richmond, to quiet title to lots 28 and 29,
in block 23, Willamette Addition to East Portland,
now included within the corporate limits of the City
of Portland.    The complaint is in the usual form.    All
the defendants made default except Johnson, who an-
swered, disclaiming any interest in lot 29, but setting
up title in fee to lot 28.    It was stipulated that the
original title was in Andrew Roberts, who died in
August, 1898, that Sarah E. Malcolm was his daughter
and sole heir, and that on April 11, 1911, Sarah E.
Malcolm and her husband Phillip S. Malcolm quit-
claimed all their right, title, and interest in lot 28 to
plaintiff.    Defendant Johnson claimed title under a
deed made to William Mast by the sheriff of Multnomah
County, bearing date of October 5, 1904, upon a sale
of property theretofore purchased by the county for
delinquent taxes, upon which the time for redemption
had expired.    The land was unoccupied and unin-
closed until a few months before the commencement
of this suit, when plaintiff inclosed it with a wire
fence, which defendant tore down.    Upon the trial the
plaintiff offered in evidence the assessment-rolls, for
Multnomah County for the years 1898, 1899, showing
the property to have been assessed to Andrew Roberts.

REVERSED: DECREE RENDERED.

For appellant there was a brief over the name of
*Mr. Hayward H. Riddell.*

For respondent there was a brief over the name of
*Mr. I. E. Richardson.*

Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi).

Opinion by MR. CHIEF JUSTICE MCBRIDE.

1. Unlike deeds made by the sheriff on sales of land for delinquent taxes, deeds made by that officer upon sales of land bid in by the county are not *prima facie* evidence of the regularity of the proceedings; and it is incumbent upon the party claiming under such a conveyance to show that every step necessary to vest a complete title in the county has been complied with: *Ayers* v. *Lund,* 49 Or. 303 (89 Pac. 806, 124 Am. St. Rep. 1046); *Dufur* v. *Healy,* 56 Or. 49 (107 Pac. 692); *Rafferty* v. *Davis,* 54 Or. 77 (102 Pac. 305).

2. The defendant failed in this act at the very threshold. There is no evidence of any warrant ever having been issued by the County Court for the sale of property for delinquent taxes, nor of any notice of sale having been given; neither are the certificates which the law requires to be given to a purchaser on such sales produced. In short, there is an entire lack of any evidence tending to show that the lot in question was ever legally sold to or bid in by the county for delinquent taxes. Defendant Johnson seems to have relied wholly upon the sheriff's deed made when the land was sold by the county, and upon the assessment-rolls and the entries by the clerk upon the record of delinquent tax sales; but evidence of the facts which give life and validity to a sale, namely, the return of the sheriff upon the tax-roll, the warrant for collection of delinquent taxes, and proof of due notice of sale are all wanting. In the absence of these there is nothing to show that the county had any title to the property when it conveyed it to defendant.

The decree will therefore be reversed, and a decree entered here declaring plaintiff to be the owner in fee of the lot described, and quieting his title thereto.

Reversed: Decree Rendered.