Argued at Pendleton October 26, 1937; affirmed February 8;
rehearing denied April 12, 1938

# GUTHRIE *v.* HAUN ET AL.

(76 P. (2d) 292)

In Banc.

*P. J. Gallagher*, of Portland (John Laing, of Portland, on the brief), for appellant.

*Burleigh & Burleigh*, of Enterprise (Robert V. Chrisman, of Enterprise, on the brief), for respondents.

BELT, J. This is a suit to determine the title and ownership of block A and lots 7 to 21, inclusive, of block B in Sproston's addition to the city of Wallowa, Wallowa, county, Oregon. Plaintiff's claim of title is based upon a deed from L. Couch and wife, executed in October, 1932, in liquidation of a mortgage covering

the land in controversy. The defendant, Mellie D. Haun, claims to have deraigned title from Wallowa county which acquired a sheriff's deed on December 7, 1935, as a result of a sale to foreclose tax liens on the property for the years 1929 and 1930. The plaintiff challenges the validity of the tax assessment and sale for various reasons hereinafter considered. The trial court sustained the validity of the tax sale and gave effect to the deed which defendant Haun obtained from the county. From a decree dismissing the suit to set aside the tax sale as against the property in controversy, and, to remove a cloud therefrom, the plaintiff appeals.

The plaintiff asserts that the assessments against the lots in blocks A and B for the years 1929 and 1930 are void for the reason that the lots were not separately valued and assessed. The lots were assessed in the name of the true owner and were properly described on the tax rolls. Lots in block A were valued in the aggregrate at $90 and a total tax of $6.51 for the year 1929 was levied against them. Lots in block B were valued at $100 and had a total tax levy of $7.23. The tax roll for the year 1930 was the same, except the amount of taxes levied for that year.

■ The lots were contiguous and were owned by the same person. Was the assessment invalid for the reason that no separate valuation and levy were made against each lot? It is plain that, before the lien can attach, the property must, among other things, be described as required by the statute and, in accordance with subdivision 4, section 69-242, Oregon Code 1930, "the full cash value of each parcel of land taxed". In our opinion this statutory rule means that two or more disconnected parcels shall not be assessed together but, when lots are contiguous and are owned

by the same person, they may be assessed as one parcel of land: 61 C. J. 634; Cooley on Taxation (4th Ed.) 2166; *Houghton v. Kern Valley Bank,* 157 Cal. 289 (107 P. 113); *People v. Morse,* 43 Cal. 534; *Co-operative Sav. v. Green,* 5 Idaho 660 (51 P. 770); *Dodge v. Emmons,* 34 Kan. 732 (9 P. 951); *Edwards v. Sims,* 40 Kan. 235 (19 P. 710); *In re Lehigh Co. & W. B. Coal Co.'s Assessment,* 298 Pa. 294 (148 Atl. 301); *Spiech v. Tierney,* 56 Neb. 514 (76 N. W. 1090); *Wright v. Cradlebaugh,* 3 Nev. 341.

██ The divergence of opinion in the courts arises, in many instances, over the question as to what constitutes a "parcel" of land: Black on Tax Titles (2 Ed.) § 103. This court has no hesitancy in stating that, as a general rule, several lots in the same block, contiguous to each other and owned by the same person, are, for the purposes of taxation, deemed one "parcel" of land. The use of property sometimes determines whether it is to be considered as a separate and distinct parcel of land for the purposes of taxation. The policy of the law in requiring separate valuations to be placed on disconnected and distinct parcels or tracts of land is to protect the rights of the property owner and enable him to redeem any tract or parcel by paying the amount of tax specifically charged thereon. If, in the instant case, it be argued that the owner is entitled to know the specific charge against each lot, it is answered that, had he desired to pay taxes on the same he could, by virtue of section 69-719, Oregon Code 1930, have applied to the assessor to ascertain the proportionate value of the lot, and the tax would have been collected accordingly. The assessor, in placing a valuation in the aggregate on the lots in block A and those in block B did not injure the owner as, under the above section of the statute, he had the right, upon

application to the assessor, to be apprised of the valuation of any lot in the event he desired to pay the taxes on the same.

We are not unmindful that *Victor Land Co. v. Winters,* 59 Or. 420 (116 P. 1070), is contrary to the conclusion reached herein that a separate valuation on each lot was not necessary. That decision concerned a sale to foreclose a lien for taxes due for 1899 and was prior to the enactment of chapter 268, Oregon Laws 1907, and chapter 77, Oregon Laws 1923, codified as section 69-719, Oregon Code 1930, permitting payment of taxes on part of a tract of land on the "relative or proportionate value said part bears to the whole tract assessed". Whatever may have been the holding of this court prior to enactment of the above statute, it is no longer the law that an assessment is void because contiguous lots belonging to the same owner are not separately valued and assessed.

It is not contended by the plaintiff bank that the taxes on the property in question due for the years 1929 and 1930 were actually paid either by it or the mortgagor Couch, but it is asserted that the bank, in good faith, made inquiry of the Wallowa county tax collecting officials as to the amount of taxes due on property covered by its mortgage and, upon being so advised by them, paid such amount in order that its security be not impaired. In other words, plaintiff asserts that what it did is equivalent to payment and that the county ought to be estopped to contend otherwise.

■ It appears from the record that there was a misunderstanding about the property upon which the bank desired to pay taxes. The mortgage mentioned covered a large tract of land, approximately 963 acres—most

of which was farm land adjoining the city of Wallowa, only a small part being within the corporate limits. The assessor, pursuant to statute (subdivision (d), § 69-242, Oregon Code 1930), had, for convenience, divided the assessment roll so as to show separate assessments of real property within the corporate limits of a city. Simply stated, farm land appeared on one part of the assessment roll and lots and blocks within the corporate limits of Wallowa were shown on the other part of the roll. Hence, when the bank made inquiry as to taxes due for the year 1929, the deputy sheriff referred to only that part of the assessment roll showing farm land included in the mortgage. The bank was not advised as to the city taxes levied on the lots in question and shown on separate assessment roll. When the bank paid the 1929 tax, the tax receipt issued therefor did not indicate that any city taxes were involved. Yet, the bank must have known that the mortgage covered the lots in question and that city taxes had been levied against them. Again, in 1930, the bank made inquiry about taxes and, upon being so advised, paid the amount due on farm land but such payment did not cover delinquent taxes on city property. No tax receipt issued indicated that city taxes were involved. When the bank accepted a deed from Couch and wife in 1932, in liquidation of its mortgage, the abstract of title prepared at request of the bank disclosed delinquent taxes on the city property in question. Can it be that the bank, through its attorneys, did not know, prior to tax lien foreclosure in 1935, that city taxes were delinquent?

In our opinion there is little reason to say that the bank was misled. Reasonable diligence would have disclosed the facts. It knew what property it owned and ought to have known that the city taxes on the lots

were not paid and the property would be sold to satisfy the tax liens. We see no element of estoppel involved.

Having held there was a valid assessment and levy of taxes on the lots in question and that, by reason thereof, a lien attached, it remains to be determined whether the tax foreclosure sale was valid. Plaintiff contends the sale was void for the following reasons: (1) That the plaintiff was not named as a party defendant nor was it served with any summons or process whatsoever; (2) that the sheriff did not sell the land in accordance with the law in that he did not offer the "eastern half" of the property for sale, but offered the entire tract for sale; (3) that the amount for which the property was sold is so disproportionate to the fair value of the land as to shock the conscience and amount to a badge of fraud; and (4) that, in the order of sale, the lots were not separately designated for sale but the property was sold en masse. These questions will be considered in the order stated.

 The property was assessed in the name of the true owner of record for the years 1929 and 1930. The latest tax roll turned over to the sheriff for collection covered the year 1935 and that roll disclosed that L. Couch was the owner of the city lots in question, although there was a deed recorded in 1932 showing the bank to be the owner of such property. Section 69-816, Oregon Code 1930, provides:

"* * * The name of the person or persons appearing on the latest tax roll in the hands of the sheriff for collection at the date of the first publication of such summons or notice as the owner or owners of said property shall, for the purpose of this section and all foreclosures by counties, be considered and treated as the owner or owners of said property, and said proceedings shall be and be deemed and considered a proceeding in rem against the property itself. * * *."

It was not incumbent upon the sheriff to search the deed records to ascertain whether the assessment roll correctly named the owner of the property, although it was the duty of the assessor to put the name of the record owner on the tax roll: *Umatilla County v. Williams,* 138 Or. 548 (6 P. (2d) 879). It is not believed, however, that such failure of the assessor is fatal to the validity of the assessment. After all, this is a proceeding in rem and the property was described in accordance with the statute, which description accurately identified the property to be sold. Furthermore, section 69-231, Oregon Code 1930, provides that:

"* * * no assessment shall be invalidated by a mistake in the name of the owner or the real property assessed, or by the omission of the name of the owner or the entry of a name other than that of the true owner, if the property be correctly described * * *."

The above statutory provisions are conclusive of the question as to the failure to make the bank a party defendant. See *Gordon v. Adams,* 125 Or. 662 (268 P. 60), wherein the court said:

"The law proceeds upon the theory that the owner of property knows that it is subject to taxation and will be taxed and that the taxes will become delinquent necessitating a sale of the property. The service of summons in the present case was sufficient notwithstanding that the name of the owner of the real estate was not mentioned in the summons or complaint. The name of the person appearing on the latest tax roll in the hands of the sheriff for collection at the date of the first publication of such summons or notice as the owner of the property, as in the present case, must be considered and treated as the owner of the real estate." Citing *Rae v. Morgan,* 125 Or. 644 (266 P. 1069, 267 P. 1072).

■■ Relative to the second contention, it is to be borne in mind that we are not concerned with a sale

wherein an individual was a direct purchaser. There-fore, the provisions of section 69-820, Oregon Code 1930, requiring in effect that only part of the land necessary to pay the tax should be sold, and not the whole tract, is inapplicable. *Smith v. Dwight,* 80 Or. 1 (148 P. 477, 156 P. 573, Ann. Cas. 1918D, 563), involved a direct sale to an individual and is not in point where property is struck off to the county in the event of no other bidder. Section 69-830, Oregon Code 1930, is controlling. It provides:

"* * * at all sales of property for which cer-tificates of delinquency are held by the county, if no other bids are received, the county shall be considered a bidder for the ·full area of each tract or lot to the amount of all taxes, penalties, interest, and costs due thereon, and where no bidder appears acquire the title thereto as absolutely as if purchased by an individual under the provisions of this act * * *."

It is presumed that the sheriff performed his of-ficial duty in the sale of this property and there is no showing to the contrary. The deed from the sheriff to the county conforms to the statute and recites that the county was "the bidder at said sale for each of the above described tracts, respectively", and that such bid was for the "least quantity bid" and was the "best bid" at such sale.

The property involved consists of approximately two acres. While this land has been platted into lots and blocks, it is to all intents and purposes mere acreage near the corporate boundary of the small town of Wallowa and is used largely for pasturage. There is a wide divergence of opinion as to its value. F. F. McCully, who has had years of experience in estimat-ing land values and who has resided in Wallowa county since 1881, testified that the land in question was worth

about $60 an acre. We think he knows what he is talking about. Block A was sold for $13.55 and the lots in block B for $14.85. There is not such disparity between the price for which the property was sold and the fair value of the land as to justify setting aside this sale.

The sale en masse was consistent with the assessment and levy of the taxes. Having held that these lots in block A and those in block B could be assessed as separate parcels of land without making a separate valuation and tax on each lot, it follows that the sale of the property, viz, all of block A as one parcel of land and lots 7 to 21, inclusive, in block B as another parcel, was not invalid. Of course, if the law required a separate valuation on each lot, the sale could not be made en masse. To be a valid sale, there must be a lien and there can be no lien unless the property is assessed in the manner provided by statute.

Under section 69-828, Oregon Code 1930, the deed executed by the sheriff is prima facie evidence of the following facts:

"1. That the real estate conveyed was subject to taxation at the time the same was assessed in the time and manner required by law.

"2. That the taxes or assessments were regularly levied, and were not paid at any time before the issuance of the deed.

"3. That the real estate conveyed had not been redeemed from the sale at the date of the deed.

"4. That the real estate was duly sold for taxes, assessments, penalties, and costs as stated in the deed.

"5. That the grantee in the deed was the purchaser or assignee of the purchaser.

"6. That the sale and all antecedent proceedings were conducted in the manner required by law."

The effect of the above statute is to shift the burden of proof to the owner who challenges the validity of a

foreclosure tax sale: *Smith v. Dwight,* supra. It was incumbent upon the plaintiff bank to allege and prove those things necessary to establish the invalidity of the sale. The common-law rule, requiring a party claiming under such deed to prove compliance with all the statutory provisions relative to assessment, levy and sale of property, no longer prevails. See cases in note 30 A. L. R. 10. We see nothing in the record in the instant case which overcomes the presumption of validity of the sheriff's deed.

We are unable to agree that the purchaser from the county has no right to rely upon the prima facie validity of the sheriff's deed. The sale must be tested by the statutes in force at time of sale. Hence decisions, as in *Borthwick v. Johnson,* 68 Or. 563 (137 P. 784), and cases therein cited, concerning the sale of land in tax foreclosure proceedings, prior to enactment of the above statute (chapter 267, Oregon Laws 1907) and the statute authorizing the execution by sheriff of deed to the county, are not applicable.

The decree dismissing the suit is affirmed. Defendants are entitled to costs and disbursements.

Rossman and Kelly, JJ., not sitting.