Submitted on briefs September 9, reversed and remanded
December 16, 1953, petition for rehearing
denied February 10, 1954

# MURPHY *v.* CLACKAMAS COUNTY and JONES LUMBER CORPORATION

264 P. 2d 1040
266 P. 2d 1065

*Lee A. Ellmaker,* of Portland, for respondent.

*Winston L. Bradshaw,* District Attorney, and Walter J. Apley, Deputy District Attorney, of Oregon City, for appellant Clackamas County.

*Cake, Jaureguy & Hardy,* of Portland, for appellant Jones Lumber Company.

ROSSMAN, J.

This is an appeal by the defendants, Clackamas County and Jones Lumber Company, from a decree which the circuit court entered after each of the defendants had filed an answer, the plaintiff had moved for judgment on the pleadings, and the motion had been sustained. The complaint prayed for a decree quieting the plaintiff's alleged title to a parcel of land which is described in the complaint.

The complaint alleges that in 1937 three individuals, whose names are Walter, Dewey and Vern Alt, became the owners of the land which is the subject matter of this suit, and that in 1944 they conveyed it to the plaintiff. The plaintiff depends upon that conveyance to establish his title to the contested tract of land. Paragraph IV of the complaint alleges that December 14, 1939, a suit was commenced in the circuit court "wherein Clackamas County was plaintiff and Earl S. and Aline Abbott and others were defendants, bearing number 32978, and said suit was commenced for the purpose of foreclosing alleged tax certificates of delinquency, and one of said certificates of delinquency, namely and to-wit, number 2295, concerned the said real property described herein." Paragraph V follows:

"That on the 14th day of December, 1939, the

first publication of summons was printed in the said foreclosure suit and on this said date the latest Clackamas County tax roll in the hands of the sheriff for collection had entered thereon and showed that the fee simple owners of said real property were Walter Alt, Dewey Alt and Vern Alt, but in said foreclosure suit neither this plaintiff nor Walter Alt, nor Dewey Alt, nor Vern Alt were party defendants, either in the complaint, which was filed in said suit, or in the summons which was filed and only published in said suit, and no complaint or summons in said cause was ever served on this plaintiff or on Walter Alt, Dewey Alt or Vern Alt.''

The foregoing parts of the complaint are the only ones which are material to the issues presented by this appeal. The plaintiff, as is apparent, contends that the tax foreclosure proceeding and its eventual deed were void.

The defendants filed answers which are copies of each other. Paragraph V of each contains the averments that are germane. They read:

"Answering the allegations of paragraph V, this answering defendant admits that on or about the date therein stated notice of said foreclosure suit was commenced by the publication of the first of four weekly publications of the foreclosure list for said year of said Clackamas County, Oregon; defendant denies that there was any publication of summons; defendant admits that none of the parties named in said paragraph V were named as party defendants and alleges that there were no parties defendant whatsover, and admits that no complaint or summons was ever served upon any of said named persons and denies that any complaint was filed in said proceedings, the document filed being an application for judgment and decree foreclosing tax lien.''

No reply was used. After the answers had been presented, the plaintiff made the motion for judgment on the pleadings which, upon being sustained, resulted in the decree challenged by this appeal.

As we shall presently see, the pleadings employ terms used in our statutes governing the foreclosure of delinquent taxes, but it appears reasonably certain that the pleadings use the terms in a sense different from the statutes. We, therefore, believe that it will be helpful, although unavoidably repetitious, to retrace our steps and review the paragraphs of the pleadings from which we just quoted. Paragraph IV of the complaint indicates that the foreclosure suit was of the omnibus type for which Oregon Laws 1937, Ch 470, which was then in effect, made provision. The same paragraph states that the subject matter of foreclosure was tax certificates of delinquency. We shall have occasion to revert to that fact. According to paragraph V of the complaint, a published summons was employed in the suit. The same paragraph says: "The latest Clackamas County tax roll in the hands of the sheriff for collection" bore the names of the three Alts as the owners of the property against which foreclosure was sought. Then the complaint declares that "in said foreclosure suit neither this plaintiff nor Walter Alt, nor Dewey Alt, nor Vern Alt were party defendants, either in the complaint, which was filed in said suit, or in the summons which was filed and only published." Continuing, the complaint avers that no personal service of the complaint and summons was made. The paragraph of the answer which we quoted "admits" that at the time mentioned in the complaint "the foreclosure list" of Clackamas County was given "four weekly publications". It denies "there was any publication of sum-

mons''. We pause to observe that if it was the duty of Clackamas County, as party plaintiff in the foreclosure suit, to have published a summons, the answer's denial that any was published possibly presents a vital issue, even if all other issues can be resolved in favor of the plaintiff. The answer, as we have seen, ''admits'' that a foreclosure list, not a summons, was published. It not only concedes that none of the Alts was named as a defendant in the foreclosure proceeding, but asserts that in the latter ''there were no parties defendant whatsover''. It declares that no complaint was filed in the tax suit, but says that ''an application for judgment and decree'' was employed.

The above denials, averments and admissions call for us at the outset to determine which of the various enactments emanating from the legislature from time to time and governing tax foreclosure proceedings was applicable to the suit filed by Clackamas County in December, 1939.

The defendants-appellants state repeatedly in their brief that this case is governed by Oregon Laws 1939, Ch 485, which received analysis in *Harriman v. Linn County*, 200, Or 1, 264, P2d 816. For example, their brief says:

> ''Accordingly even prior to the 1939 statute, involved in the present case   *   *   *.   Thus far we have been referring to the Oregon tax foreclosure statutes prior to 1939, but it is the statute enacted that year that is involved in this suit.   *   *   * The learned trial judge appears to have based his decision in this case largely, if not entirely, on Sec. 2 of Chapter 485, Laws of 1939, now O. C. L. A. Sec. 110-902. This section provides   *   *   *.''

The plaintiff-respondent evidently also believes that Oregon Laws 1939, Ch 485, is the controlling legislation.

Apart from mentioning 1907 General Laws of Oregon, Ch 267, by way of historical background, the brief of his counsel confines itself to citations of sections of the 1939 act. We shall not pause to quote the many passages except to state that they are somewhat analogous to those which we quoted from the defendant-appellant's brief.

We have made the above references to the positions taken by counsel, not for the purpose of twitting them on account of an error, excusable in nature, which we believe they made, but to indicate that if the 1939 act is not in truth applicable to this suit, the merits of the latter have so far been determined under statutory law foreign to the case.

Oregon Laws 1939, Ch 485, § 22 (§ 110-922, OCLA) says:

> "Any proceeding in foreclosure of liens for delinquent taxes which may have been undertaken by any county under statutes in effect prior to the effective date of this act shall be continued and completed in accordance with such statutes. Also, any certificate of delinquency heretofore issued or assigned  *  *  *, and all proceedings in connection therewith, shall be subject to and governed by the statutes in effect prior to this act. All such statutes shall continue in full force and effect for the aforesaid purposes."

It will be recalled that, according to the complaint, the tax suit was commenced for the purpose of foreclosing alleged tax certificates. Prior to the 1939 enactment, certificates of tax delinquency were issued. See §§ 69-801 through 69-816, Oregon Code 1935 Supp., as amended. But the 1939 act repealed the sections that had authorized the issuance and foreclosure of certificates of tax delinquency. It made provision for a new

basic document to which it gave the name of "foreclosure list". See § 110-902, OCLA. From the circumstances just mentioned we see that since the object of the foreclosure suit was "tax certificates", they must have been issued prior to 1939 and, hence, the 1939 act was not applicable to the tax foreclosure suit.

*Linn County v. Rozelle*, 177 Or 245, 162 P2d 150, held that proceedings such as Clackamas County instituted for the foreclosure of its certificates of tax delinquency are in rem, and not merely quasi in rem. That being true, we held in *Harriman v. Linn County*, supra, that no individual is a party defendant in a foreclosure suit instituted by a county. Although the pleadings use the word "defendant", we are going to assume that they employ that term as synonymous with "owner", as the latter is used in § 69-801, Oregon Code 1935 Supp., as amended. Hence, we shall attach no controlling importance to the employment of the word "defendant".

■ Even though we deem, for the purposes of this case, the word "defendant" as the equivalent of "owner", yet the fact remains that the complaint alleged "on the 14th day of December, 1939, the first publication of summons was printed" and the answer denied that a summons was published. A motion for judgment on the pleadings cannot assume as true a material averment made by the party who moves for judgment which is denied by his adversary. The answer said: "This answering defendant admits * * * said foreclosure suit was commenced by the publication of the first of our weekly publications of the foreclosure list". Since the "foreclosure list" was created by the 1939 act, which was inapplicable to the foreclosure suit, the publication in that suit of a foreclosure list was unwarranted.

■ Oregon Laws 1937, Ch 470, § 2, which governed the phase of the foreclosure suit under scrutiny, follows:

> "* * * Thereupon the tax collector, with the assistance of the district attorney, shall proceed to foreclose in the name of the county the tax liens embraced in such certificate or certificates. In all foreclosures by a county, notice shall be given exclusively by publication in one general notice, describing the property as the same is described on the tax rolls. Such notice shall be published once a week for not less than four successive weeks, and it shall not be necessary to mail any copy of such notice to any defendant named or any person interested in any property described therein. A general certificate in book form, covering all properties described therein, may be issued to the county and one general proceeding may be brought on the part of the county to foreclose the liens against said properties. All persons interested in any property involved in any such proceeding may be made codefendants, and if unknown, may be named therein as unknown owners, and the publication of such notice shall be sufficient service on all persons interested. * * *"

Oregon Laws 1935, Special Session, Ch 56, § 2, which had preceded and was amended by the 1937 enactment, said in part:

> "The tax collector shall * * * proceed to foreclose in the name of the county the tax liens embraced in such certificates, and the same proceeding shall be had as when held by an individual."

By returning to the words which we quoted from the 1937 act, it will be seen that it omits the phrase, "the same proceeding shall be had as when held by an individual". Section 69-807, Oregon Code 1935 Supp., outlined in detail the facts which were required to be

included in the "summons", that being the instrument employed in foreclosures conducted by individuals. But, as we have just seen, the 1937 statute repealed the provision which required tax foreclosure proceedings prosecuted by a county to employ the same proceeding used in foreclosures conducted by individuals.

■ From the brief directions contained in Oregon Laws 1937, Ch 470, § 2, as to the contents of the notice to be published in suits conducted by a county, we see that they were virtually limited to the following:

> "* * * notice shall be given exclusively by publication * * * describing the property as the same is described on the tax rolls. Such notice shall be published once a week for not less than four successive weeks, * * *. The name of the person appearing on the latest tax roll in the hands of the tax collector at the date of the first publication of such notice, as the owner of any property therein described, shall be considered and treated as the owner of said property, and each such proceeding shall be a proceeding in rem against the property itself."

Obviously, it was essential, in preparing the notice, to comply also with the demands of due process.

■ Although the complaint alleged that a "summons" was published in the contested tax foreclosure suit, our statutes reserved summonses for use only in foreclosure suits instituted by individuals. A published notice was the process required by our laws for use in foreclosure suits conducted by counties. We have noticed that the answer denied that any "summons" whatever was used in the county's tax foreclosure suit and affirmatively averred that "a notice of said foreclosure suit was commenced by the publication * * * of the foreclosure list". The term "foreclosure list",

as we have seen, came into our tax collection laws for the first time with the enactment of Oregon Laws 1939, Ch 485, § 2 (§ 110-902, OCLA). The section just mentioned defines the contents of a foreclosure list, and § 4 (§ 110-904, OCLA) requires the publication of the foreclosure list as the published notice under the revised procedure effected by the 1939 act. Thus, the foreclosure list was the wrong document for employment in the county's tax foreclosure suit.

The foregoing indicates that although the county's tax foreclosure suit should have been begun by the publication of a notice, the plaintiff alleges that the county published a summons, and the defendant, after denying that a summons was published, swore that the publication consisted of the tax foreclosure list. Neither party says that a notice of the kind required by the 1937 statute was published. Unless a notice which conformed to the requisites of the 1937 act was employed, the foreclosure court lacked jurisdiction. The complaint does not disclose the contents of the summons which it says was employed. If, as the answer says, the county's foreclosure list was the paper which was published, it certainly included data and terms foreign to the requirements of the 1937 act.

■ Without stating further our analysis of the situation, we express our belief that the circuit court erred when it sustained the plaintiff's motion for judgment on the pleadings. It seems apparent that a ruling upon the validity of the county's tax foreclosure suit affects many properties, in addition to the one with which this suit is concerned. We do not think that its validity should be determined from the meager, confusing and contradictory information which the pleadings in this case submit. Error was committed when the plaintiff's

434

motion was sustained. The defendant made no corresponding motion. The cause should be remanded for trial upon its merits.

Reversed and remanded.

ON PETITION FOR REHEARING

*Winston L. Bradshaw,* District Attorney, *Walter J. Apley,* Deputy District Attorney, of Oregon City, and *Cake, Jaureguy & Hardy,* of Portland, for the petition. *Lee A. Ellmaker,* of Portland, contra.

ROSSMAN, J.

A petition filed by the defendants-appellants manifests uneasiness concerning our original opinion, based, we believe, upon a misconception of its holding. The petition finds in our opinion an intimation that a county which held a certificate of delinquency when Oregon Laws 1939, ch 485, went into effect could not have transferred the delinquent taxes entered in the certificate to the foreclosure list which the tax collector was required by the new statute to compile and, later, upon foreclosing the liens of the taxes entered in the foreclosure list, thereby foreclose the liens of the transferred taxes. We intended to intimate no belief that such a course was unavailable.

The 1939 act became §§ 110-901 through 110-927, OCLA, and ORS 312.010 through 312.037. It rewrote our earlier laws which governed the foreclosure of the liens of delinquent taxes and repealed its ante-

cedents except so far as its saving clause, that is, § 22, (§ 110-922, OCLA, ORS 312.320) saved temporarily some provisions of our earlier laws so that the liens of delinquent taxes entered in certificates of delinquency, identified in the saving clause, could be foreclosed.

The petition for a rehearing presents this single contention:

"The court erred in holding that Oregon Laws 1939, ch 485, sec. 222 (OCLA, sec. 110-992), provides that tax foreclosures by counties based upon certificates of delinquency issued prior to the effective date of the act are not governed by the act."

We believe that the appellants inadvertently wrote "sec. 222" and "sec. 110-992" when they meant, respectively, section 22 and section 110-922.

The petition for a rehearing prompted us to study again the record. In disposing of the petition, we will go beyond the contentions which it presents.

The second paragraph of the complaint alleges:

"On or about the 9th day of August, 1937, Walter Alt, Dewey Alt and Vern Alt acquired and were the exclusive owners in fee simple of all the following described property: * * *."

At that point a description is given of the property which is the subject matter of this suit. The description is succeeded by this:

"and the said Walter Alt, Dewey Alt and Vern Alt were the exclusive owners in fee simple of all said property up to the 21st day of February, 1944."

The pertinent part of each answer follows:

"Answering the allegations of paragraph II, this answering defendant admits that in 1937 the

persons named in the said paragraph acquired the ownership of the real property described therein and continued in said ownership until December, 1939, and denies the remaining allegations of said paragraph II.''

We see from the foregoing that the answers admit that in the period of August 9, 1937, ''until December, 1939'' the three Alts were the owners of the property with which this suit is concerned. The complaint, as we saw, alleges in addition that the Alts' ownership continued from December, 1939, to February 21, 1944, but that part of the averment is denied by the answers. That disputed fact will, therefore, have to be ignored in disposing of the plaintiff's motion for judgment upon the pleadings.

Returning to averments upon which the parties agree, we observe that the complaint alleges, and the answers admit, that on February 21, 1944, the three Alts executed and delivered to the plaintiff a deed of conveyance to the property which is described in the complaint. Each answer contains this statement: ''denies that at said time said three persons had any title to convey''.

We come now to the averments of the complaint that precipitated the issues which the challenged decree resolved in the plaintiff's favor when it entered judgment upon the motion.

Paragraph IV of the complaint alleges:

''On the 14th day of December, 1939, a suit was commenced in the Circuit Court of the State of Oregon for Clackamas County wherein Clackamas County was plaintiff and Earl S. and Aline Abbott and others were defendants, bearing number 32978, and said suit was commenced for the purpose of foreclosing alleged tax certificates of delinquency,

and one of said certificates of delinquency, namely and to-wit, number 2295, concerned the said real property described herein."

Paragraph IV of the answer says:

"Answering the allegations of paragraph IV, this answering defendant admits that at the time therein stated certain tax foreclosure proceedings were commenced by Clackamas County in Clackamas County, bearing number 32978, for the purpose of foreclosing tax certificates of delinquency, including the one number 2295, but deny that said proceedings were in the nature of a suit."

Thus we see that both the complaint and the answer allege that the items which were foreclosed were "tax certificates of delinquency." Both state that one of the certificates bore number 2295.

Paragraph V of the complaint follows:

"That on the 14th day of December, 1939, the first publication of summons was printed in the said foreclosure suit and on this said date the latest Clackamas County tax roll in the hands of the sheriff for collection had entered thereon and showed that the fee simple owners of said real property were Walter Alt, Dewey Alt and Vern Alt, but in said foreclosure suit neither this plaintiff nor Walter Alt, nor Dewey Alt, nor Vern Alt were party defendants, either in the complaint, which was filed in said suit, or in the summons which was filed and only published in said suit, and no complaint or summons in said cause was ever served on this plaintiff or on Walter Alt, Dewey Alt, or Vern Alt."

The following is Paragraph V of the answer:

"Answering the allegations of paragraph V, this answering defendant admits that on or about the date therein stated notice of said foreclosure suit was commenced by the publication of the first

of four weekly publications of the foreclosure list for said year of said Clackamas County, Oregon; defendant denies that there was any publication of summons; defendant admits that none of the parties named in said paragraph V were named as party defendants and alleges that there were no parties defendant whatsoever, and admits that no complaint or summons was ever served upon any of said named persons and denies that any complaint was filed in said proceedings, the document filed being an application for judgment and decree foreclosing tax lien."

We are going to assume that when the plaintiff's pleading used the word "summons" it meant "notice" and that when it wrote "complaint" it meant "application for judgment and decree". The legislature itself, in prescribing the procedure which was in use prior to the enactment of Oregon Laws 1939, ch 485, employed the term "summons or notice" (§ 69-816, OC, 1935 Supp). The 1939 enactment does not use the word "summons". Section 4 of that act (§ 110-904, OCLA, ORS 312.040) says: "Notice * * * shall be given * * * by four weekly publications of said foreclosure list". This court has many times spoken of the application for judgment and decree (Oregon Laws 1937, ch 470; Oregon Laws 1939, ch 485; § 110-906, OCLA, ORS 312.060) as a complaint, and at times has deemed it tantamount to a complaint.

It will be observed that paragraph V of the complaint avers that December 14, 1939, when the county's tax foreclosure proceeding was filed, the names of the three Alts appeared upon "the latest Clackamas County tax roll" as "the fee simple owners of said real property". Paragraph V of the answer is silent upon that averment and, hence, it must be assumed

that the words of the complaint state the truth. Paragraph V of the complaint alleges:

"In said foreclosure suit neither this plaintiff nor Walter Alt nor Dewey Alt nor Vern Alt were party defendants, either in the complaint * * * or in the summons which was filed."

Paragraph V of the answer, in replying to that charge, says:

"Defendant admits that none of the parties named in said paragraph V were named as party defendants and alleges that there were no parties defendant whatsoever."

The averments of the answer are, of course, an admission that none of the Alts "were named as party defendants" in the county's tax foreclosure proceeding. We shall presently return to the pleadings, but before giving them further attention will turn to the statutory provision which prescribes the contents of the published notice.

Oregon Laws 1937, ch 470, § 2, which amended § 69-816, OC, 1935 Supp, said:

"* * * All persons interested in any property involved in any such proceeding may be made codefendants, and if unknown, may be named therein as unknown owners, and the publication of such notice shall be sufficient service on all persons interested. The name of the person appearing on the latest tax roll in the hands of the tax collector at the date of the first publication of such notice, as the owner of any property therein described, shall be considered and treated as the owner of said property, and each such proceeding shall be a proceeding in rem against the property itself. If upon any tax roll it appears that the owner or owners of any such property are unknown, then said property shall be proceeded against as belonging to an unknown owner or own-

ers, and all persons owning or claiming to own, or having or claiming to have, an interest therein hereby are required to take notice of such proceeding and of any and all steps thereunder. The publication of notice required by this section shall be made by the tax collector in some newspaper printed, published and of general circulation in the county, to be designated by the county court; provided, the price charged by any such newspaper shall not exceed the rate of 65 cents the folio, as otherwise provided by law, and that, if such publication can not be made in said newspaper at said price, the tax collector may cause such publication to be made in any other newspaper printed, published and in general circulation in the county, at a cost not to exceed said price."

The 1937 statute and its companion measures, as is apparent from what we have already said, were repealed by the 1939 act, except so far as the saving clause of the 1939 act granted them a temporary stay of execution. Section 2 of the 1939 act (§ 110-902, OCLA, ORS 312.030) substituted for the former certificates of delinquency a new paper to which it gave the name "foreclosure list". Sections 110-902 and 110-904, OCLA, (ORS 312.030 and 312.040) which were §§ 2 and 4 of the 1939 act, follows:

"Within four months after the day of delinquency of taxes of each year the tax collector shall prepare a list of all real properties then subject to foreclosure. Such list shall be known as the 'foreclosure list' and shall contain the names of the several persons appearing in the latest tax roll as the respective owners of tax-delinquent properties, a description of each such property as the same appears in said latest tax roll, the year or years for which taxes are delinquent on each property, together with the principal amount of the delinquent taxes of each year and the amount of accrued and accruing interest thereon to the

day six months after the day of delinquency of taxes of the latest year. Thereafter interest shall be charged and collected on each of the several amounts of taxes included in said foreclosure list at the rate of 8 per cent per annum.''

''Notice of each foreclosure proceeding, except as otherwise provided herein, shall be given exclusively by four weekly publications of said foreclosure list in some newspaper of general circulation in the county, to be designated by the county court; provided, the price charged by any such newspaper shall not exceed the rate of 65 cents the folio, as otherwise provided by law. The publication of such notice shall be sufficient service on each and every person interested in any of said properties, and it shall not be necessary to mail a copy of such notice to the owner or to any other person interested in any property. All persons owning or claiming to own, or having or claiming to have, any interest in any property included in the foreclosure list are required to take notice of such proceeding and of any and all steps thereunder; provided, that in any case where it may be deemed expedient to do so, notice of the institution of the foreclosure proceeding may be given by personal service. Such notice by personal service shall be in lieu of service by publication as to the defendant or defendants so served, and it shall not be necessary to include in the publication of the foreclosure list the names of such defendants or the descriptions or other matters relating to their respective properties.''

It is seen from the foregoing that the 1939 act, like its predecessor, the 1937 measure, rendered it the duty of Clackamas County to have included in the published notice, which commenced the foreclosure suit under attack, the name of the person who was listed upon the latest tax roll as owner of the property in issue. It will be noticed that it is immaterial to a decision of this case whether the demand was

made by the 1937 or the 1939 act. Each gave the same command, and obedience to one would have yielded the same result as obedience to the other.

■ Although Oregon Laws 1937, ch 470, § 2, in amending § 69-816, OC, 1935 Supp, said that "All persons interested in any property involved in any such proceeding may be made codefendants", we believe that the owners of the properties under foreclosure were not regarded by that statute as defendants. They were deemed as owners and nothing else, for the act itself, in speaking of them, said that they "shall be considered and treated as the owners of said property, and each such proceeding shall be a proceeding in rem against the property itself." Section 110-905, OCLA, speaks to substantially the same effect. It says: "The person whose name appears in the latest tax roll as the owner of any property therein described shall be considered and treated as the owner of said property. Each such proceeding shall be a proceeding in rem against the property itself." Accordingly, when paragraph V of the complaint alleges that neither the plaintiff nor the Alts were "party defendants, either in the complaint * * * or in the summons which was filed", it concerns itself with an immaterial fact, if the plaintiff, in choosing the quoted term "party defendants", had as the gravamen of his charge a purported failure of the county to have denominated the Alts as "defendants". If the governing statute required the notice to contain the names of the Alts as the persons who were entered upon the latest tax roll as owners, it was unnecessary to have written after their names the word "defendant". Similarly, the defendants, in filing their answer in which they admit that the Alts were not "named as party de-

fendants" in the tax foreclosure proceeding, addressed themselves to an immaterial allegation, if they meant nothing more than that the Alts were not entitled "defendants" in the foreclosure suit.

For the purpose of facilitating a disposition of this suit, we are taking notice of the following statement made in the defendants-appellants' brief:

"We shall, however, assume, since this was the contention of plaintiff at the oral argument on demurrers to the amended complaint, that the real contention of plaintiff is that these parties, the Alts, were the owners of the property at the time the foreclosure proceedings were instituted, and that their names were also listed in the Clackamas County Tax Rolls as the owners, but that their names did not appear in any document filed in said cause or in any publication in connection therewith, whether the same be denominated a summons or otherwise.

"It is further our understanding that respondent contends that the failure to list the names of these former owners in any such document or publication renders the foreclosure proceedings as to this property void. Our contention is to the contrary."

The statement just quoted was taken from the brief submitted by the defendants-appellants in this court. Having set forth that understanding of the issues, the brief argues that it was unnecessary for the county to have named the Alts in any paper filed in the tax foreclosure proceeding. In pursuing that argument, the brief cites decisions of the Supreme Court of Washington which hold that, since a tax foreclosure proceeding is in rem, there are no parties defendant in it and that, accordingly, it is unnecessary to name anyone in the published notice. The brief states:

"Certainly if this court follows the decisions of the Washington Supreme Court referred to

above, it must necessarily hold that in these in rem foreclosure proceedings the naming of an individual owner in the proceedings is not a prerequisite to conferring jurisdiction upon the court to enter a foreclosure decree.''

Continuing, the appellants' brief urges:

''The decree in this case should be reversed because (1)   *   *   *; (2) if the court goes outside the amended complaint, all it can find is that the names of the delinquent owners were not inserted in the published foreclosure list, and this is not necessary in these in rem proceedings; (3) if the statute can be construed as providing that the names must be included in the foreclosure list, or otherwise in the foreclosure proceedings, it is not a jurisdictional defect;   *   *   *.''

Since the parties evidently are anxious to have this court rule as to whether or not it is necessary in a tax foreclosure proceeding instituted by a county to name in the published notice the person entered as owner upon the latest tax roll, we shall assume that is the issue presented by the part of the pleadings under consideration. We do not hold that the complaint alleges outright that the Alts were not named in the published notice, but for the sake of facilitating the disposition of this cause, we shall ignore the plaintiff's defective statement and assume that the issue has been properly presented. Since we propose to remand the cause, the pleadings may be amended upon remand so that they will allege the true state of the facts, if the parties so prefer.

We now face the question as to whether the failure to have entered in the published notice the names of the Alts rendered the challenged tax foreclosure decree void.

The requirements of both the 1937 and the 1939

acts for inclusion in the published notice of the name of the person that appears in the latest tax roll as owner is made in clear and certain language. The demand that his name shall be included in the published notice is no less peremptory than the one for inclusion in the published notice of a description of his property as the same appears in the latest tax roll. In fact, the 1939 act, as did also the 1937, places the demand that the owner's name be included in the published notice ahead of the other requirement that the published notice describe the property. It is not difficult to detect the reason for the requirement that the published notice should include the name of the owner. Especially is it not difficult to understand why the owner's name should appear in the first column of the published notice. The owner may not be familiar with the legal description of his property and, hence, its publication may fail to apprise him of the impending disaster to his property, but he is familiar with his name and, therefore, when he sees it in the published notice, the latter accomplishes its purposes.

We are convinced that the requirement for the inclusion in the published notice of the owner's name is intended to serve the same purpose as the other requirement that a description of the tax delinquent property must appear in the notice. Both requirements are intended to give notice to the tax delinquent owner and confer jurisdiction upon the court over the property. The law is not satisfied with merely gaining jurisdiction for the court; it aims to apprise the owner of the fact that a proceeding has been instituted for the foreclosure of the liens of taxes purportedly delinquent and that he may thereby be deprived of his property.

*Lane County v. Bristow,* 179 Or 653, 173 P2d 954, after quoting the statutory provision that ''the name of the person appearing on the latest tax roll in the hands of the tax collector at the date of the first publication of such notice, as the owner  *  *  *  shall be considered and treated as the owner of said property'', declared:

> ''Under these provisions it was not essential to the validity of the notice that any person other than 'the person appearing on the latest tax roll in the hands of the tax collector at the date of the first publication of such notice, as the owner of any property therein described', should be named as a party defendant in the notice. The contention to the contrary is foreclosed by Guthrie v. Haun, 159 Or. 50, 58, 76 P (2d) 292, and other cases there cited.''

Although this court has not held directly that a tax foreclosure decree is void if the published notice did not include the name of the person which appeared in the latest tax roll as owner of the tax delinquent property, yet in ruling upon closely related issues, it has so indicated more than once. *Harriman v. Linn County,* 200 Or. 1, 264 P2d 816; *Knapp v. Josephine County,* 192 Or 327, 235 P2d 564; *Lane County v. Bristow,* supra; *Elliott v. Clement,* 175 Or 44, 149 P2d 985, 151 P2d 739; *Guthrie v. Haun,* 159 Or 50, 76 P2d 292; *Rae v. Morgan,* 125 Or 644, 266 P 1069, 267 P 1072. It has ruled that failure to comply with the statutory provisions that govern notice renders the foreclosure decree void. *Keerins Bros. v. Mauney,* 189 Or 651, 219 P2d 753, 222 P2d 730.

We recognize that the Supreme Court of Washington, in construing legislation which became the source of this state's measures governing the collection of taxes, has ruled repeatedly that failure to

include in a foreclosure proceeding instituted by a county the name of the owner does not deprive the proceeding of validity. It has held, however, that the omission of the owner's name from a proceeding filed by an individual to foreclose a certificate of tax delinquency issued to him renders the decree invalid. The disparity in results has been reached notwithstanding the fact that a Washington statute, in prescribing the procedure which governs foreclosure by a county, says: "The same proceedings shall be had as when by an individual". The Washington court has deemed as valid a foreclosure suit instituted by a county even when the owner's name was not mentioned in the published notice nor in any other paper filed in the proceeding. It reasons that since the proceeding is in rem, the omission of the owner's name is not fatal. The decisions to which we referred are collated in 169 ALR 699 and 700. While the Washington decisions were gradually adopting the view that the owner's name may safely be omitted from proceedings instituted by a county, our court was stressing more and more the statutory requirement that the owner's name must be included in the published notice. Oregon did not render a tax foreclosure procedure in rem until 1919. As early as *Bagley v. Bloch,* 83 Or 607, 163 P 425, this court held invalid a foreclosure decree entered in a proceeding instituted by a county where the record failed to account for resort to service by publication. Although this court has recognized that a tax foreclosure proceeding is in rem, it has not lost sight of the fact that the "rem" itself is owned by a human being and that the statute intends to bring home to him notice of the fact that the foreclosure proceeding may cause him to lose his property. The notice is intended for him and not

for the "rem". This court has ruled that in tax foreclosure proceedings, as in all others in which a court gains jurisdiction by publication, the plaintiff must comply with the statutes which govern the acquisition of jurisdiction. Thus, although we have given heed to the fact that the proceeding is in rem, we have also given attention to the statutes which define the procedure to which a county must conform when it invokes the court's jurisdiction over its suit. Although it was long apparent that this court was placing an interpretation upon the Oregon enactments governing notice different than the companion measures in Washington were receiving, our legislature has never taken any course which showed displeasure with our interpretation of its enactments.

■ Without resort to further analysis, we express our belief that a decree foreclosing the liens of delinquent taxes is void if the published notice included neither the name of the owner nor that of the person who was entered in the latest tax roll as owner of the property.

The above is our opinion upon the issue which the parties have presented with sufficient clarity.

Due, in part, to the fact that it does not appear that the plaintiff received his deed of conveyance from one who owned the fee when the deed was executed, it is impossible to make a disposition of all the issues argued in the briefs. The cause must, therefore, be remanded to the circuit court. Since the cause will be remanded, we have expressed our views upon the issues which appear most vital for the purpose of guiding a disposition of the case.

■ In view of the unsatisfactory information pertaining to the county's foreclosure proceeding which is

submitted by the pleadings, we are uncertain as to the procedure which the circuit court employed in that proceeding. We, therefore, deem it best to withdraw the part of our original opinion which construed the saving clause of the 1939 act, and to reserve an interpretation of that clause until we become better informed of what was done in the tax foreclosure suit. That part of our original opinion is, therefore, withdrawn. When the cause is remanded to the circuit court, the parties will, of course, have the privilege of amending their pleadings. When they make amendments, they should employ plain and concise language rather than the conclusions found in the present pleadings. Moreover, as stated in our previous opinion, it will be better to present to the trial court the record in the county's tax foreclosure proceeding if the parties wish the court to determine whether or not the foreclosure decree is valid.

We affirm our former decision which vacated the judgment entered upon the pleadings and which remanded the cause to the circuit court.

The petition for a rehearing is denied.