**UNITED STATES of America,
Plaintiff,**

v.

**J. Francyl HOWARD, a/k/a J. F. Howard, et al., Defendants.**

**Civ. No. 65–155.**

United States District Court
D. Oregon.

April 22, 1966.

**500**

Jack C. Collins, Asst. U. S. Atty., Portland, Or., for plaintiff.

Donald Londer, Portland, Or., and Merle A. Long, Albany, Or., for defendants.

KILKENNY, District Judge:

For decision on the issues now before the Court, are the relative rights and priorities of the tax lien claims of the plaintiff, the title of defendant Linn County, acquired through county tax lien foreclosure proceedings culminating in a sheriff's deed, as to Tracts No. I and III, and the rights of defendant, City of Albany, under a later conveyance from Linn County to Lots 1 through 6 of Block 2, Lots 1 through 5 of Block 3, and all of Block 5 of Tract I. Since the paramount rights of the City of Albany are dependent on the nature of the title acquired by the County of Linn on the tax foreclosure, my decision on the rights of the county will dispose of the major issue raised by the city. However, the city, in addition to its claim under the conveyance from the county, claims a sewer improvement assessment lien for $83.67 assessed on October 24, 1962, and the same type of a lien in the sum of $34.50 assessed on the 24th day of January, 1962, against the property which was later conveyed by Linn County to the city.

In the spring of 1963, Linn County commenced a foreclosure suit in the Circuit Court of the State of Oregon for Linn County, for the purpose of foreclosing its tax liens against said tracts for the assessments made on October 15th in the tax years 1960–1961, 1961–1962 and 1962–1963.

Neither the plaintiff, United States of America, nor defendant, City of Albany, were named as parties defendant in said foreclosure suit. A final decree was entered in said suit on April 1, 1963, foreclosing said liens and directing the sheriff to issue a sheriff's certificate of sale to defendant Linn County. Later, the sheriff, pursuant to law, issued his deeds to said county purporting to convey the real property with which we are here concerned. Later, as above mentioned, pursuant to the provisions of ORS 312.280, defendant city exercised its rights to purchase the real property subject to its sewer assessment liens. The deed from the county to the city, being dated September 3, 1965, and recorded on September 27, 1965. The parties agree that on December 6, 1961, the tax liens of the United States attached to and became *valid and subsisting liens* on the real property described in said Tracts I and III.

Under ordinary circumstances, the validity of the tax foreclosure proceeding would be governed by Oregon law. Guthrie v. Haun, 159 Or. 50, 76 P.2d 292 (1938); Murphy v. Clackamas County, 200 Or. 423, 264 P.2d 1040, 266 P.2d 1065 (1963).

■■■ Since the validity of plaintiff's lien is conceded, and the United States was not made a party pursuant to the provisions of 28 U.S.C. § 2410(a) (b),[1]

---

1. 28 U.S.C. § 2410(a) (b).

"(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien.

"(b) The complaint shall set forth with particularity the nature of the interest or lien of the United States. In actions in the State courts service upon the

and since the statute under construction, is federal rather than state, the decisions of the United States Courts must govern. Empire State Collateral Co. v. Bay Realty Corp., 232 F.Supp. 330 (E.D.N.Y.1964); Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960). Furthermore, a municipality may not avoid the priority rules of federal tax liens by characterizing local liens as expenses of sale. United States v. Buffalo Savings Bank, 371 U.S. 228, 83 S.Ct. 314, 9 L.Ed.2d 283 (1963). In Buffalo Savings Bank the question involved was the distribution of the proceeds of a sale of real property on a mortgage foreclosure proceeding instituted by the bank. The state court held that real estate taxes which became liens subsequent to the government's federal tax liens should be paid out of the proceeds of sale, as part of the expenses of the sale, prior to the payment of the government lien. The Supreme Court reversed stating, " * * federal tax liens have priority over subsequently accruing liens for local real estate taxes, even though the burden of the local taxes in the event of a shortage would fall upon the mortgagee whose claim under state law is subordinate to local tax liens. * * * " The principle that federal tax liens are superior to subsequent local tax liens, despite the fact that, under state law, local tax liens have priority over earlier liens, was first established in United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954). The same general principles are stated in United States v. State of Vermont, 377 U.S. 351, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964) and United States v. Pioneer American Ins. Co., 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed. 2d 770 (1963). I find no distinction between the general lien of the county and its title against those under the sewage assessment lien of the city. For that matter, the assessment lien of the city was probably merged in the title which it later acquired.

■ It is my finding and conclusion that plaintiff has a first, prior and superior right and lien on the real property described as Tracts I and III and that out of the proceeds of the sale in this proceeding, the agreed amounts owing to plaintiff on its tax liens, as shown in the pre-trial order, shall first be paid. Tract No. III should be first sold and if the proceeds are not sufficient to pay plaintiff's claims, interest and costs, then that portion of Tract I, if any, now owned by the county, or those claiming under the county, if any, (excepting the city) shall be sold, and if those proceeds, together with the proceeds of Tract III shall not be sufficient to satisfy plaintiff's claims, then that portion of Tract I, previously conveyed to the city, shall be sold and the proceeds of said sale applied toward the satisfaction of the balance of the amounts due plaintiff.

The plaintiff, or any one of the defendants, may purchase at such sale. Plaintiff shall be entitled to a deficiency judgment against J. Francyl Howard and Mary B. Howard, husband and wife, for the unsatisfied portion, if any, of its claims as finally fixed in the decree. Plaintiff is entitled to its costs and disbursements, except as to the fraud claims against certain of defendants.

Counsel for plaintiff shall forthwith prepare, serve and present an appropriate decree.

This opinion shall serve as my findings and conclusions on the issues here presented.

United States shall be made by serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action is brought or upon an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court in which the action is brought and by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States at Washington, District of Columbia. In such actions the United States may appear and answer, plead or demur within sixty days after such service or such further time as the court may allow."