HERRERA et al,
*Respondents,*

*v.*

QUIJANO,
*Appellant.*

(86D-300069; CA A49660)

780 P2d 750

Victor Quijano, Salem, filed the brief *pro se* for appellant.

Norman K. Winslow, Salem, filed the brief for respondents.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Plaintiffs and defendant entered into a written agreement whereby defendant sold his pick-up truck to plaintiffs. Plaintiffs were to make instalment payments, and defendant was to retain title until the balance was paid. Plaintiffs failed to make a number of payments, and defendant "repossessed" the vehicle. Plaintiffs then filed this action for conversion. After defendant filed his answer, plaintiffs moved for judgment on the pleadings on liability. ORCP 21B. The trial court granted the motion and, after a non-jury trial on the issue of damages, entered judgment.[1]

In his answer, defendant denied plaintiffs' allegation that plaintiffs were the owners of the vehicle and were entitled to immediate possession.[2] Defendant's denial required the trial court to deny plaintiffs' motion. *See Murphy v. Clackamas Co. and Jones Lbr.,* 200 Or 423, 430, 264 P2d 1040, 266 P2d 1065 (1954).[3]

Reversed and remanded.

---

[1] After the pleadings, the trial court referred the action to arbitration. ORS 33.350 to ORS 33.400. Plaintiffs prevailed, and defendant appealed to the trial court, which involved a trial *de novo*. ORS 33.400. Before plaintiffs filed their motion for judgment on the pleadings, defendant unsuccessfully sought to file an amended answer, including a new counterclaim. Defendant argues that the trial court erred in not allowing the amended pleading. We agree. Nothing in ORS 33.350 *et seq* directs a trial court to deny a post-arbitration motion to amend a pleading or add a new claim. Although that determination is left to the discretion of the trial court, "leave [to amend] shall be freely given when justice so requires." ORCP 23A; *Edwards v. Lewis,* 76 Or App 94, 707 P2d 1298 (1985), *rev den* 300 Or 477 (1986). The trial court abused its discretion in not allowing defendant to amend his answer.

[2] Defendant also alleged that, "under his perfected security interest, [he] had the legal right to immediate possession of the vehicle." *See* ORS 79.5030. He attached to his answer an exhibit that contained the parties' agreement. That agreement does not expressly provide for the right to repossess. The trial court ruled that plaintiffs were entitled to judgment on the pleadings, because ORS 83.520(1), which provides that "[a] retail instalment contract shall be in writing [and] shall contain all the agreements of the parties," is "controlling." ORS 83.520 sets out the requirements for a motor vehicle "retail instalment contract," which is a contract entered into by a "retail seller." ORS 83.510(10). Although we need not decide the issue because of our disposition of this case, we nonetheless note that we cannot determine whether defendant was a "retail seller" within the meaning of ORS 83.510(12) and ORS 83.520(1) solely on the basis of the pleadings and without a factual record.

[3] Defendant's remaining assignment of error is without merit.