287

Argued and submitted May 1, affirmed July 22, 1992

Danilo R. HERRERA
and Debyruth O. Herrera,
*Respondents,*

*v.*

Victor QUIJANO,
*Appellant.*

(86D-300069; CA A71417)

835 P2d 140

Patricia Campbell, Salem, argued the cause and filed the brief for appellant.

No appearance for respondents.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

In this conversion action, plaintiffs allege that defendant wrongfully repossessed the pick-up truck that they were purchasing from him. Defendant appeals from the summary judgment entered against him. We affirm.

Plaintiffs and defendant entered into a hand-written contract for the sale of the pickup. Plaintiffs were to make installment payments monthly, and defendant was to retain title until the entire purchase price was paid. The contract provided that, in the event of default, defendant had the right to collect interest at the "prevalent" rate on overdue payments; it did not provide that he had the right to repossess the truck. After plaintiffs failed to make several payments, however, defendant repossessed the truck. Plaintiffs then filed this action for conversion.

Defendant filed an answer denying that plaintiffs were the owners of the truck or were entitled to immediate possession. Plaintiffs then moved for judgment on the pleadings on liability, ORCP 21B, which the trial court granted. After a jury trial on the issue of damages, a judgment for plaintiffs was entered. Defendant appealed, and we reversed and remanded, holding that defendant's denial that plaintiffs were the owners and entitled to immediate possession required the trial court to deny plaintiffs' motion. We noted that the trial court had ruled that ORS 83.520(1), which provides that a retail installment contract "shall contain all of the agreements of the parties" controlled and that defendant did not have the right to repossess the truck from plaintiffs, because the contract did not provide for that remedy after default. We commented that, without a factual record, it was impossible to determine whether defendant was a "retail seller" within the meaning of ORS 83.510(12). *Herrera v. Quijano*, 98 Or App 760, 780 P2d 750, *rev den* 308 Or 660 (1989).

On remand, plaintiffs moved for summary judgment, which the trial court granted. In support of that motion, plaintiffs filed an affidavit with a copy of a certificate of title issued to plaintiffs by the State of California, showing plaintiffs as "registered owners" of the truck and defendant as a lienholder, *i.e.,* holder of title. Although plaintiffs did not

contend that they were the legal owners, the certificate of title evidenced that plaintiffs had an interest in the vehicle sufficient to support the conversion action. Although plaintiffs, in a second affidavit, asserted that neither they nor defendant were engaged in the business of selling used or new motor vehicles, they argued that ORS 83.520(1) applied. However, it is precisely for that reason that that statute does not apply.[1]

■ ■    During oral argument on the summary judgment motion, defendant argued that ORS 79.5030 controls. That statute provides:

> "Unless otherwise agreed a secured party has on default the right to take possession of the collateral. In taking possession a secured party may proceed without judicial process if this can be done without breach of the peace or may proceed by action."

Defendant was a secured party, ORS 79.1050(1)(m), because he had retained title to the truck, thus reserving a "security interest." ORS 71.2010(37)(a). The contract, however, only provided defendant with the right to demand interest on any payments in default. It did not provide for the acceleration of the principal on default and did not give defendant the right to take possession of the truck after default. The parties had "otherwise agreed" for specific, limited remedies after default, not including repossession. ORS 79.5030 does not provide the missing remedy. Accordingly, plaintiffs had the right to immediate possession of the truck, and the trial court did not err in granting their motion for summary judgment.

Affirmed.

---

[1] ORS 83.520 provides, in part:

"(1) A retail installment contract shall be in writing, shall contain all the agreements of the parties, shall contain the names of the seller and the buyer, the place of business of the seller, the residence or place of business of the buyer as specified by the buyer and a description of the motor vehicle including its make, year, model and identification numbers or marks, and shall be signed by the buyer and the seller."

The rest of the statute provides, in detail, what the contract must provide, including the size of print in the printed portion.